[No. 20180.     In Bank.—August 28, 1886.]

THE PEOPLE, RESPONDENT, *v.* AUGUST DANIELS, APPELLANT.

CRIMINAL LAW—MURDER—EVIDENCE OF IMMORAL CHARACTER OF DEFEND-ANT—IMMATERIAL ERROR.—In a prosecution for murder, the admission of evidence tending to show that the defendant was a person of immoral character is without prejudice, if the defendant when a witness in his own behalf testifies substantially to the same effect.

ID.—JUSTIFIABLE HOMICIDE—INSTRUCTION.—In such a case, an instruction that in order to justify the homicide, the defendant, if he was the assailant in the combat during which the killing occurred, or if he was engaged in mortal combat, must in good faith have endeavored to retire from the struggle before the homicide was committed, is substantially in the language of section 197, subdivision 3, of the Penal Code, and there-fore not erroneous.

ID.—INSTRUCTIONS.—The refusal to give certain instructions stated in the opinion, *held*, not erroneous.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*Joseph Coffey,* for Appellant.

*Attorney-General Marshall,* for Respondent.

FOOTE, C.—The defendant was tried for the murder of a woman named Sarah Indig, and convicted of the crime of manslaughter; from a judgment in the premises, and an order denying him a new trial, he has appealed.

The objection made by him to the introduction of evidence on the part of the people which showed him to have at one time lived with the woman whom he was alleged to have slain in a house of ill-fame was well taken, as tending to prejudice the jury against him as an immoral character, and its admission would have been good ground for a new trial but for the fact that the defendant, as a voluntary witness in his own behalf, testified substantially to the same effect, and hence cannot complain that the jury were informed that he had so lived; for it is not to be supposed that they would have been prejudiced in a greater degree by the statement of that same fact made by the witness on the part of the people than by that of the defendant voluntarily given.

The evidence in the cause was conflicting, the jury have rendered a verdict thereon, and it should not be disturbed merely because of such conflict.

There was evidence introduced to the effect that the defendant, before leaving Los Angeles to come to San Francisco, had made threats against the life of both Somerset and the deceased woman, and it is assigned for error that the court refused to give certain instructions asked for by the defendant upon the subject of such threats.

As the instructions refused had application only to a state of facts which would have been material had the

defendant killed Somerset and been on trial therefor,—which he was not,—we are of opinion that the charge of the court upon the matter of threats covered all that the defendant asked for which was pertinent to the case before the jury.

It is further objected that the court charged the jury, that in order to acquit the defendant they must believe from the evidence—that is, if he was the assailant in the combat in the progress of which the woman lost her life, or if he was engaged in "mortal combat" with the witness Somerset—that the defendant must "in good faith have endeavored to retire from the struggle before the homicide was committed."

Inasmuch as that part of the charge was a substantial repetition of the language of section 197, subdivision 3, of the Penal Code, as applicable to the case in hand, we perceive no error on the part of the court in giving it.

The charge, taken as a whole, and giving to it a natural and unstrained interpretation, covered all the material instructions asked for by the defendant, and was eminently fair and easily understood by the jury.

The judgment and order should be affirmed.

SEARLS, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.