[No. 20332. In Bank.—October 29, 1887.]

## THE PEOPLE, RESPONDENT, *v.* BILLY KETCHUM, APPELLANT.

CRIMINAL LAW — MURDER — TESTIMONY OF WIFE OF DEFENDANT — ADMISSION OF WHEN IMMATERIAL. — On a trial for murder, error in permitting the wife of the defendant to testify in favor of the prosecution, against his objection, is cured if the defendant subsequently voluntarily testifies to substantially the same effect

ID. — MURDER OF INDIAN BY INDIAN — JURISDICTION OF STATE COURTS. — The state courts have jurisdiction to try a full-blooded Indian for the killing of another full-blooded Indian, when it does not appear that the defendant was a member of any Indian tribe having its chief and tribal laws, or that the tribe of which his ancestors were members was ever

recognized or treated with by the United States government, and it does appear that he had lived among the whites for several years prior to the homicide.

APPEAL from a judgment of the Superior Court of Humboldt County, and from an order refusing a new trial.

*J. N. Gillett,* for Appellant.

The court erred in admitting the testimony of the defendant's wife, and the error was not cured by his subsequent testimony. (Pen. Code, sec. 1322.) The defendant being a full-blooded Indian, and the deceased having been the same, the state courts had no jurisdiction of the alleged offense. (*State* v. *McKenney,* 18 Nev. 182.)

*Attorney-General Johnson,* and *G. W. Hunter,* for Appellant.

The error in admitting the testimony of the wife of the defendant was cured by his subsequent testimony. (*People* v. *Daniels,* 70 Cal. 521; *People* v. *Fenwich,* 45 Cal. 287; *People* v. *Marseiler,* 70 Cal. 98; *People* v. *Montgomery,* 53 Cal. 576; *Knowles* v. *Dow,* 22 N. H. 387; *Carpenter* v. *Gardiner,* 29 Cal. 160.)

BELCHER, C. C.—The defendant was charged with the crime of murder, and convicted of manslaughter. He moved for a new trial, and has appealed from the judgment and order denying his motion.

Defendant is an Indian twenty-nine years of age, and was born and raised in the county of Humboldt. He was accused of killing another Indian named Billy Barlow. At the trial, after several witnesses had been examined to prove the commission of the alleged offense, an Indian woman named Jennie Bill Ketchem was called and sworn as a witness for the prosecution. The defendant objected to her testifying, upon the ground that

she was his wife, and therefore, under section 1322 of
the Penal Code, incompetent to be a witness against
him.    In support of the objection, it was proved that
some three or four years before the time of the homicide
the defendant asked the witness to be his "woman,"
and she said, " All right." He also asked her father and
mother if he might have her for his woman, and they
consented.    Before that she had lived with another In-
dian for about four years, but he had left her.    She then
lived with defendant as his woman, in a cabin built by him
for that purpose, until a few weeks before the homicide,
when he went away and left her.    While they were so living
together she had two still-born children.    Before leaving
he told her he was going to leave her, and afterward told
several other parties that he would never live with her
any more.    Defendant admitted that he made the state-
ments imputed to him, but said he was joking when he
made them, and that he intended all the time to return
and live with her.    It was further proved that what is
called the marriage relation among the Indians was
formed by a male taking a squaw and living with her,
and that he could dissolve the relation whenever he
chose to do so by leaving her, and could then take an-
other squaw.

Upon these proofs the court overruled the objection,
and the defendant reserved an exception.    The witness
was then examined and cross-examined, and thereupon
the prosecution rested.    The defendant then offered him-
self, and was sworn and examined, as a witness in his
own behalf.    He admitted that he killed Billy Barlow,
and testified to all the facts connected with the killing
substantially as his alleged wife had testified to them.

Whether, in view of the fact that they were Indians,
the defendant and his "woman" should be regarded as
husband and wife, within the meaning of those words
as used in section 1322 of the Penal Code, is a question
which we do not deem it necessary to decide.    The ques-

tion, so far as we are advised, has never before arisen in
this state, and upon somewhat similar facts the courts in
other states have ruled differently. (See *Johnson* v. *John-
son*, 30 Mo. 72; *Smith* v. *Brown*, 8 Kan. 610; *Wall* v. *Wil-
liamson*, 11 Ala. 839. *Contra: Roche* v. *Washington*, 19
Ind. 53; *State* v. *Ta-cha-na-tak*, 64 N. C. 614.)

If it be conceded that the parties were husband and
wife, and that the court therefore erred in overruling
the defendant's objection, still the error was rendered
harmless and immaterial when the defendant volun-
tarily became a witness for himself. Under his own
testimony he was clearly guilty of manslaughter, if not
of murder, and could not therefore have been prejudiced
by the ruling. (*People* v. *Montgomery*, 53 Cal. 576; *Peo-
ple* v. *Marseiler*, 70 Cal. 98; *People* v. *Daniels*, 70 Cal. 521.)

The point is also made that the trial court had no
jurisdiction of the case, because both the defendant and
the party killed were full-blooded Indians; and in sup-
port of this position counsel cite *State* v. *McKenney*, 18
Nev. 182.

In that case it was claimed that the state courts had
"no jurisdiction of crimes committed by one Indian
against another when both are members of an organized
tribe, having laws for the government of their own in-
ternal affairs." And in commencing its opinion the
court said: "Let it be remembered that what follows
is intended to apply to the case before us, where one
Indian belonging to a tribe which is recognized and
treated with as such by the government, having its chief
and tribal laws, is accused of killing another of the
same tribe. . . . . It does not refer to a case where an
Indian leaves his tribe and joins the whites."

Evidently the law as declared in that case, whatever
might be said of the conclusion reached, has no appli-
cation to this case. Here it does not appear that the
defendant is a member of any tribe of Indians, having
it chief and tribal laws, nor that the tribe of which his

ancestors may have been members was ever recognized or treated with by the government. On the contrary, it appeared that he had lived among the whites for several years. He had his own cabin, and about three acres of land around it, which he cultivated, and on which he raised vegetables. He was asked what he did to support his woman, and replied: "I sheared sheep around, and hunted, and worked for anybody. Herded sheep for anybody."

In our opinion the court below had jurisdiction to try the case, and the judgment and order should be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.

SEARLS, C. J., and TEMPLE, J., concurring.—We concur in the foregoing opinion, upon the ground that the witness Jennie Bill Ketchem was not shown to be the lawful wife of the prisoner, and was therefore a competent witness.