[No. 21147.    Department One.—December 3, 1894.]

THE PEOPLE, RESPONDENT, *v.* ENOCH G. BIDLEMAN, APPELLANT.

CRIMINAL LAW—EMBEZZLEMENT—SUFFICIENCY OF PROOF.—Where the proof shows that a defendant accused of embezzlement of the moneys of his employer collected many bills for goods sold to customers of his employer, which, with one or two exceptions, were credited to the personal account of the customer on the ledger, but were not entered upon the cash-book, nor charged to the personal account of the defendant, nor in any manner accounted for or paid over to his employer, and the defendant in his testimony admitted that he was not authorized to expend money and not enter it in the books, and his testimony as to any authority to expend the money alleged to have been embezzled is in conflict with the positive testimony of his employer, a verdict convicting the defendant of embezzlement is fully sustained.

ID.—EVIDENCE—RECEIPTED BILL—PRELIMINARY QUESTION.—A premature objection to a preliminary question in relation to a receipted bill, the amount of which the evidence afterwards showed was paid to the defendant and not accounted for, and was included in the amount charged in the information to have been embezzled, is properly overruled.

ID.—RELATION OF PROOF TO—PLEADING—OFFER OF PROOF.—Where the information charged the offense to have been committed on or about the thirty-first day of December, 1891, and before the first day of May, 1892, proof of a bill receipted by the defendant March 7, 1892, is properly admitted under the pleadings upon the offer to show that the money receipted for was never accounted for or paid over, and that it was part of the sum charged in the information.

ID.—PRESUMPTION THAT PROOF OFFERED WAS GIVEN—MOTION TO STRIKE
OUT.—It must be presumed that the subsequent proof proposed to be
given was given, if no motion was afterwards made to strike out the
evidence for want of the offered proof.

ID.—INCOMPETENT EVIDENCE — CONCLUSION OF WITNESS — DEFENDANT'S
CONDUCT OF BUSINESS—STATEMENT OF OBJECTION.—Upon cross-exam-
ination of a witness for the prosecution, a question by counsel for the
defendant as to what conclusion the witness came to from the manner
in which defendant conducted the business, as to whether or not he
was the manager and had full control, or otherwise, is properly excluded
as incompetent, although the district attorney did not state the grounds
of his objection, the question being such that no statement of objection
would enable the defendant to have obviated it.

ID.—PROOF OF HANDWRITING—OPINION EVIDENCE.—The testimony of a
witness in relation to certain receipts purporting to have been signed
by the defendant, to the effect that he was familiar with his handwriting,
and that he thought it was his handwriting, but that he did not see him
sign them, and would not swear that it was his handwriting, is suffi-
cient to permit the receipts to be put in evidence.

ID.—PROOF OF REMOTE EMBEZZLEMENTS—SYSTEM OF CONCEALMENT.—Evi-
dence of moneys received by the defendant, and not entered upon the
books nor accounted for, which were received at a period remote from
the date named in the information, and not included in the sum therein
specified, is competent, as tending to show a system adopted by the
defendant to conceal the conversion of the moneys embezzled, and the
intent with which the money mentioned in the information was appro-
priated by him to his own use.

ID.—PROFITS OF BUSINESS—IRRELEVANT QUESTION.—A question as to the
profits of the business for a period of three years is properly excluded,
as irrelevant to a charge of embezzlement by a person employed in the
business.

ID.—CONVERSATIONS WITH DEFENDANT — CONDITION OF BOOKS — CON-
TINUED DISCREPANCIES.—Evidence of conversations with the defendant
as to the condition of the books, tending to show the methods and con-
duct of the defendant touching the moneys charged to have been
embezzled, and touching discrepancies occurring in a previous year,
tending to show a method so long continued as to preclude the supposi-
tion that the later ones were accidental or the result of negligence, is
competent and admissible.

ID. — CROSS-EXAMINATION OF DEFENDANT — INCONSISTENCY OF CONDUCT
WITH EVIDENCE.—It is competent for the prosecution to show, upon
cross-examination of the defendant, that his conduct was inconsistent
with the statements made in his direct testimony.

ID.—TRANSCRIPT UPON APPEAL—AFFIDAVIT OF COUNSEL—REVIEW UPON
APPEAL.—An affidavit of counsel filed in the case long before the bill of
exceptions was settled, stating a question which does not appear in the
bill of exceptions, has no place in the record, and cannot be considered.

ID.—PLEADINGS READ IN EVIDENCE—DEFICIENT RECORD.—An exception
to the reading in evidence in a criminal case of pleadings in a civil
action cannot be considered if the record does not contain the papers
CIV. CAL.—39

offered, nor the substance of them, nor even show what the action was about.

ID.—AMENDMENT OF VERDICT NOT EXCEPTED TO.—Where the bill of exceptions does not show that an objection was made, or any exception taken to the action of the court in permitting a change or amendment of the verdict by the jury after it was presented to the court its action cannot be reviewed upon appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.

The facts are stated in the opinion.

*Eugene N. Deuprey,* and *J. H. Long,* for Appellant.

*Attorney General W. H. H. Hart,* and *E. S. Pillsbury,* for Respondent.

HAYNES, C.—Appellant is charged with the embezzlement of seven thousand four hundred and eighty-six dollars and sixty-three cents, the moneys of D. V. B. Henarie, doing business under the firm name of E. Martin & Co., in the city and county of San Francisco, and was found guilty of the embezzlement of seven hundred and seventeen dollars and sixty-five cents, part of the sum charged in the information, and was sentenced to imprisonment for the term of four years. His motion for a new trial having been denied he appeals from the judgment and order denying a new trial.

Appellant contends that the verdict is not justified by the evidence, and, under this head, specifies certain particulars, which will be briefly noticed.

The evidence shows very clearly, and without conflict, that many bills for goods sold to customers were collected by defendant, all of which collections, with one or two exceptions, were credited to the personal account of the customer on the ledger, but were not entered upon the cash-book, nor charged to the personal account of the defendant, nor in any manner accounted for or paid over to his employer.

To meet and avoid the effect of these facts it is claimed

that the evidence shows that the defendant was authorized by his employer to expend money in the interest of candidates for office who were friends of the house of E. Martin & Co., and thereby promote the business interests of Henarie, the proprietor, and also to expend money in entertaining customers from the interior, and in other ways for the like purpose, and that it was agreed that moneys so spent should not be entered as items of disbursements or receipts upon the books, and that the moneys charged to have been embezzled were expended with the consent and under the direction of his employer.

Prior to June, 1890, defendant was paid a salary of three thousand dollars per annum, and in addition was allowed the sum of fifty dollars per month for personal expenses in connection with the business, and after that date he was paid a salary of four thousand dollars, which was to cover defendant's personal expenses in connection with the business as well as his services.  Defendant testified in his own behalf, and admitted that there was no understanding that he could expend money and not enter it upon the books, and, so far as his testimony went to sustain any of the facts now claimed to be unsupported by the evidence, he was met by the positive testimony of Henarie to the contrary.

We have carefully read and considered all the evidence, and entertain no doubt that the verdict was fully sustained, and so far, at least, as this branch of the motion for a new trial is concerned, the motion was properly denied.

Defendant's objection to the testimony of Mr. Cox in relation to a bill receipted by defendant for one hundred and seven dollars and four cents was properly overruled.   The objection was not only premature, being to a preliminary question, but the evidence afterwards showed that said amount was paid to defendant and not accounted for, and was included in the amount charged in the information to have been embezzled.

John Clonen, called on behalf of the people, testified

that he paid E. Martin & Co's bill, one hundred and twenty-one dollars and ninety cents, to defendant, March 7, 1892, and produced the bill receipted by defendant. Defendant's objection that the time of payment of this bill was too remote from the time alleged in the information we think was properly overruled. The information charged the offense to have been committed "on or about the thirty-first day of December, 1891, and before the first day of May, 1892." The information was presented and filed August 22, 1892. Section 955 of the Penal Code provides: "The precise time at which an offense was committed need not be stated in the indictment or information, but it may be alleged to have been committed at any time before the finding or filing thereof, except where the time is a material ingredient in the offense."

The evidence was received by the court upon the representation that it would be shown the money was never accounted for or paid over to Henarie, and that it was part of the sum charged in the information; and, as no motion was afterwards made to strike it out, we assume that such proof was made.

Similar objections were made to evidence of many other sums of money received by defendant from persons indebted to the house for merchandise, and to which the foregoing remarks apply.

Upon cross-examination of a witness for the prosecution counsel for defendant asked him what conclusion he came to, from the manner in which defendant conducted the business, as to whether or not he was the manager and had full control, or otherwise. The court very properly refused to permit the question to be answered, though the district attorney did not state the grounds of his objection. What the witness thought could not change the relation which in fact existed, nor would the statement of the objection have enabled the defendant to show that it might have been obviated. (*Spottiswood* v. *Weir*, 80 Cal. 450, 451, and cases there cited.)

As to the evidence of Buneman in relation to certain receipts purporting to have been signed by defendant, to the effect that he was familiar with his handwriting, that he thought it was his handwriting, but that he did not see him sign them, and would not swear that it is his handwriting, whilst not conclusive or positive, it was sufficient to permit the receipts to be put in evidence, and the court did not err in overruling defendant's objection. It is said by appellant, however, that these sums were not of the moneys charged to have been embezzled. Whether this is true or not is not easy to determine. There were a large number of witnesses, and there is in the transcript no index to the testimony of any of them, nor does appellant give any reference in his brief to the page or folio where any item of evidence may be found. But if we concede that any particular sum which is shown by the evidence to have been received by the defendant, and not entered upon the books, or accounted for, was received at a period remote from the date named in the information, or not included in the sum therein specified, it may still be competent evidence tending to show a system adopted by the defendant to conceal the conversion of the money, and the intent with which the money mentioned in the information was appropriated by him to his own use, and thus tend to prove the defendant guilty of the offense charged. (*People* v. *Lane,* 100 Cal. 379; *People* v. *Walters,* 98 Cal. 138.)

It is also specified that the court erred in not permitting the witness Bell to answer the question: "What had been the profits of this firm for the three years preceding July 25, 1892"?

This question was not asked of Bell, but of the defendant upon redirect examination, and it was objected that it was not a re-examination. The ruling was not erroneous. Even though the court might, in its discretion, have permitted a matter to be inquired about which was not within the scope of a proper examination, the evidence called for was wholly irrelevant.

The testimony of the witness Bell touching the conversation with defendant about opening a new ledger, and as to the condition of the books kept by defendant, and whether a trial balance could be made from them, for the reasons stated by the witness, was competent, and properly received.  It all tended to show the methods and conduct of the defendant touching the moneys charged to have been embezzled.  The conversation touching discrepancies occurring in the year 1891 were competent, inasmuch as these tended to show a method so long continued as to preclude the supposition that the later ones were accidental, or the result of negligence.

Defendant having testified in his own behalf, was asked the following question: "Did you leave this city and county on the twenty-fifth day of July, 1892"? His counsel objected that it was not cross-examination. No answer was given to the question.

It appeared from the testimony of other witnesses that on the day named in the question, just before lunch-time, Mr. Henarie asked defendant for an explanation of certain entries on the ledger that were not entered on the cash-book, and which defendant did not explain; but Henarie still not believing that defendant was dishonest, invited him to go to lunch with him as he usually did.  When they entered the place where they usually lunched defendant left him, took a coupé, went to the bank and drew his money, then went to the Panama steamer, which was ready to sail, bought his ticket on board under the name of E. H. Young, and left for Panama.  The steamer put into San Diego for coal, and while there the defendant was arrested.  Other questions in regard to his going away were also asked upon cross-examination, to which the same objection was made.

The circumstances under which defendant went away, as well as the fact of his going, having been shown by the prosecution, and not denied by the defendant, the cross-examination upon this point was unnecessary; but it was not improper in a legal sense, nor prejudicial.

His testimony tended to show that he was permitted by Mr. Henarie to expend moneys for many different purposes with a view to promoting the business of the house, that Henarie knew he was spending money, that he did not expend any moneys that he did not feel he was justified in spending, and that he never took any money with the intent to steal or embezzle it. It was entirely competent for the prosecution to show, upon cross-examination, that his conduct was inconsistent with the statements made in his direct testimony. This question was very carefully considered and fully discussed in the recent case of *People* v. *Gallagher*, 100 Cal. 466, 475, which is conclusive.

In this connection we may notice the specification that the court erred in putting to defendant the question: "Well, if you did n't take the money why did you go away"?

The bill of exceptions does not show that the court put any question to the defendant. There is in the transcript an affidavit made by counsel for defendant showing that such question was put. This affidavit was filed in the case long before the bill of exceptions was settled, but for what purpose does not appear. It has no place in the record, and cannot be considered.

It is also specified that the court erred in refusing to permit the complaint and answer in the civil action of *Henarie* v. *Bidleman* to be read in evidence.

This exception cannot be considered, as the record does not contain the papers offered, nor the substance of them, nor even show what the action was about.

Another specification is that the court erred in permitting a change or amendment of the verdict by the jury after it was first presented to the court.

The bill of exceptions, however, does not show that any objection was made thereto, or any exception taken. The point cannot therefore be reviewed. We may say, however, that the proceedings in relation thereto appear to be fully justified by *People* v. *Jenkins*, 56 Cal. 7, and *People* v. *Lee Yune Chong*, 94 Cal. 385.

. We find in the record no error which would justify a reversal, and think the judgment and order appealed from should be affirmed.

SEARLS, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.