[No. 1697.  Decided August 5, 1895.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES ROBINSON, *Appellant*.

HOMICIDE — FORMER JEOPARDY — EVIDENCE — EXPERT TESTIMONY — DEGREE OF CRIME — INSTRUCTIONS — REVIEW ON APPEAL — HIGHWAYS.

The acquittal of a defendant on the charge of having murdered a man is no bar to a second prosecution for the murder of another man, who was killed at the same time and place and under the same circumstances as the one for whose killing he had been acquitted.

Where two persons have been killed in an affray, statements of persons appearing on the scene shortly after and making an examination thereof, showing the conditions surrounding the bodies at the place of killing, are admissible in evidence. (ANDERS and SCOTT, JJ., dissent).

Where the record on appeal does not purport to contain all of the testimony introduced at the trial upon the question of a conspiracy to murder, the action of the trial court in admitting in evidence declarations of an alleged co-conspirator for the purpose of evidence against the defendant, will not be reviewed.

Expert testimony is inadmissible for the purpose of showing the effects upon the veracity of a witness occasioned by daily use by him of a certain quantity of morphine.

A road may be a legal, public highway, although it may not appear upon the public records of the county to have been regularly established.

Although a defendant may have entered into a conspiracy to kill, yet where the proof shows that he was also present aiding and abetting whatever was done at the time of the homicide, a conviction of murder in the second degree will not warrant a reversal of the case. (*State v. Robinson, ante*, p. 349, distinguished)..

In charging the jury in a criminal case it is not the duty of the court to address its instructions to each one of the jury as individuals, but it is sufficient to state the law as it applies to the duties of the jury as a collective body.

Where an instruction is a requested one, with only slight modifications made by the court, a general exception to the refusal to give the instruction as requested is insufficient, as the exception should be to the modification of the instruction.

*Appeal from Superior Court, Snohomish County.*

*Clark & Allen,* for appellant.

*L. C. Whitney,* Prosecuting Attorney, for The State:

A putting in jeopardy for one act is no bar to a prosecution for a separate and distinct act, merely because they are so closely connected in point of time that it is impossible to separate the evidence relating to them on the trial for one of them first had. *Teat v. State,* 53 Miss. 439 (24 Am. Rep. 714); 1 Bishop, Crim. Law, § 1051; *State v. Nash,* 86 N. C. 650 (41 Am. Rep. 472); *People v. Majors,* 52 Am. Rep. 295; *Jones v. State,* 14 Am. St. Rep. 570.

The contention of counsel that the testimony of Harry Knowles and George Lindsay as to what Robert Leckie said to them at the scene of the homicide on the night of the killing about tracks being made around the dead bodies, was inadmissible for the reason that it was purely hearsay evidence, is without merit. When a fact is offered in evidence the whole transaction of it consists in many particulars which may and ought to be proved. What is there said by the parties, and what was said by others to them relative to the subject of the transaction, is part of the transaction itself. If the statement offered in evidence is upon the same subject and relative to the same act in proof, it should be received. Such a declaration is a part of the surrounding circumstances, which may always be given in evidence to the jury with the principal fact. Such evidence is always competent to show intent, even though the person is not a party in interest. *Mack v. State,* 4 N. W. 449. An exclamation of a third party to a witness testifying at or about the time the act occurred, is admissible as being explanatory. *Dismukes v. State,* 3 South. 671.

The opinion of the court was delivered by

HOYT, C. J.—In December, 1892, George Schultz and Frederick Smith were shot and killed on what was known as the "John White Road," in Snohomish county, State of Washington. On account of such killing an information was filed in the superior court of said county, charging appellant with others with murder in the first degree in the killing of George Schultz. Upon this information defendant, upon his demand, was separately tried, and upon the trial a verdict of not guilty was returned by the jury. Thereafter an information was filed in said court charging him with murder in the first degree in the killing of Frederick Smith.

The defendant, by his counsel, filed a plea in writing, setting up the alleged facts as to the killing of the said Schultz and Smith, and his acquittal upon his trial for the killing of the former, and thereupon moved the court for his discharge for the reason that he had been so acquitted. This motion was denied, but the written plea was allowed to stand, and in connection therewith a plea of not guilty was interposed in open court. Upon this state of the record the cause was tried and a verdict of guilty of murder in the second degree returned by the jury. Judgment and sentence followed, from which this appeal has been prosecuted.

The first allegations of error all relate to the action of the court upon the plea of former acquittal. First, it is claimed that the motion for discharge on that account should have been granted; secondly, that appellant was entitled to a separate trial upon the questions presented by such plea; and thirdly, that the court took the consideration of all questions relating thereto from the jury. It is only necessary to refer to the

action of the court in instructing the jury to disregard all evidence relating to the question of former acquittal. The ruling of the court in so doing was founded upon the theory that the undisputed facts showed that appellant had never been acquitted of the crime with which he was charged in the information upon which he was on trial. This instruction was clearly erroneous if any proof had been introduced which tended in any degree to show that the appellant had been acquitted of the crime so charged. If there was no such proof, defendant has no right to complain of the ruling of the court in denying his motion for a discharge, or in not giving him a separate trial upon the issues raised upon the plea of former acquittal.

The undisputed facts show that in an affray at which the appellant was present, two men, the said Schultz and the said Smith were killed; that the appellant had been acquitted upon trial for the killing of Schultz, but that he had never before been on trial for the killing of Smith. It follows that, if the killing of each of the men constituted a distinct crime, there was no proof tending to show that the appellant had been formerly acquitted of the crime alleged to have been committed in the killing of Smith. The fact that the same line of proof was introduced for the purpose of showing that he was guilty of the killing of Schultz as that introduced to show his guilt in the killing of Smith would in no manner tend to show that an acquittal for the killing of the former would constitute an acquittal for the killing of the latter, if the killing of each was a distinct crime. That such proofs in reference to two prosecutions for the commission of a single offense would be proper to go to a jury upon the question of former acquittal or conviction is beyond question, but to us it seems equally

clear that proof which was necessary and competent to convict of one crime would have no weight upon such question in the prosecution for another, even although the same criminating circumstances were relied upon in the latter as in the former case.

Was the killing of each of these men a distinct crime? They were killed in a single affray, and the connection of the appellant was substantially the same in his relations to such affray as it related to each of such men. If the result of the meeting at which the two were killed had been the death of only one of them, a prosecution for murder could have been founded upon his death, and under the circumstances of this case this would have been true whether the one so killed had been Schultz or Smith; and there can be no good reason why that which would have warranted a prosecution for murder should lose force by reason of the fact that another circumstance, which in itself would warrant such a prosecution, occurred at the same time and place. If the prosecution had been founded upon the killing of the two and the case had gone to trial upon a plea of not guilty, proof of the killing of either of them would have warranted a conviction. It follows that the killing of each was, so far as the homicide was concerned, a distinct transaction.

The taking of a human life with certain intent constitutes murder, and neither law nor public policy will justify a holding that each life is of less value when taken with another than it would be if taken alone. If a person without justification intends to kill A and does so, he will be guilty of a crime; if he intends to kill B, he will be guilty of another and a different crime; and the fact that he entertains the intent to kill both and carries such intent into effect at the same time and place, should not be held to make

of that which would otherwise be a foundation for two distinct prosecutions a foundation for only one. In our opinion, the undisputed proofs, when interpreted in the light of the law which it was the duty of the court to find, clearly showed that the appellant had never been on trial for the killing of Smith.

We shall next notice the alleged errors growing out of the admission of certain testimony; and first, as to that of Harry Knowles, George Lindsey and Robert Leckie, all of whom were allowed to testify as to the conditions surrounding the bodies at the place of the killing shortly thereafter, and also as to what was said at the time by persons who were present as to such surroundings. That it was proper for them to testify as to the conditions surrounding the place of the homicide so soon thereafter is not seriously controverted, but it is earnestly contended that what was said by those who were making the examination should not have been allowed in evidence. There is force in this contention, but under the particular circumstances of this case we are of the opinion that the testimony was properly admitted; and if it was not, that it was of such a nature that it is not reasonable to suppose that the minds of the jury were affected by it. What was said at the time might be reasonably held to have been a part of the *res gestae*, not, perhaps, of the act of killing but of the circumstances surrounding it.

William Noble and Alfred Elliott were allowed to testify as to statements made by William Robinson shortly before the homicide, and it is claimed that this was error, for the reason that there was no testimony tending so to connect William Robinson with the appellant as to make the statements of one evidence against the other. In other words, that there had been no proof of the conspiracy sufficient to warrant the introduc-

tion of such testimony upon that theory. It appears from the statement of facts that there had been some proof tending to establish a conspiracy between the appellant, the said William Robinson and others, to commit the homicide, and this was probably sufficient to warrant the introduction of the testimony to which objection was made. But, however this may be, the record would not warrant a reversal for the reason that it does not appear therefrom that there was sufficient proof as to the conspiracy. Such record does not purport to contain all of the testimony introduced at the trial, nor is it made to appear therefrom that it contains all the testimony upon the question of conspiracy, or any other question presented at the trial. This being so, it is evident that no ruling of the trial court should be reversed for the reason that such ruling was erroneous because the necessary evidence had not been introduced to authorize it.

One W. H. Marsh had testified as a witness and had admitted upon the stand that he was in the habit of using a certain amount of morphine daily. For the purpose of weakening his testimony the appellant called Dr. Limerick to show the effect of the use of that quantity of morphine, and if the question propounded had gone generally to the effect upon the mental faculties of such use, it would, in our opinion, have been error to have excluded the answer. But by the form of the question the witness was asked to express his opinion as to the effect of such use upon the veracity of the witness, and, so limited, the exclusion of the answer was proper.

The evidence offered by the appellant for the purpose of showing that the place of the homicide was not in a public highway was not sufficient for that purpose, and for that reason we are not called upon to

decide as to whether or not it was proper for the appellant to show that it was not in a highway. All that he offered to show was that it did not appear from the public records of Snohomish county to have been a regularly established highway; but that fact would not have been sufficient to show that it was not a legal highway. Highways may be such without that fact appearing upon the public records.

Appellant founds error upon the giving of certain instructions by the court and its refusal to give one of those asked by him. His objections to instructions Nos. 3, 8, 9 and 14, given by the court are founded, upon the claim that, since there was proof tending to show a conspiracy to kill, it was the duty of the jury to convict the appellant of murder in the first degree or acquit him. If the appellant had not been present at the time of the homicide, and his only connection with it had been the conspiring to have it done by others, the rule announced by this court at this term in the case of *State v. Robinson, ante,* p. 349, would probably require us to uphold this claim of the appellant. But there was proof tending to show that the appellant was present, aiding and abetting whatever was done at the time of the homicide, and for that reason he stands in the same situation as though the proof had shown that he was the one who fired the shots which caused the death of Smith.

Exceptions were taken to other instructions given to the jury, but no error has been assigned thereon in the brief of appellant.

The appellant asked the court to instruct the jury that:

" You are further instructed that, since the defendant is presumed to be innocent until his guilt is established by such evidence as excludes from the jury

every reasonable doubt, the law requires that no man shall be convicted of crime until each and every one of the jury is satisfied by the evidence in the case to the exclusion of every reasonable doubt of the truth of every material allegation charged in the information. So in this case, if the jury entertain any reasonable doubt of the defendant's guilt, they should acquit him; or if any one of the jury, after having duly considered all the evidence and after having consulted with his fellow jurors, should entertain such reasonable doubt the jury cannot in such case find the defendant guilty."

The court gave this instruction, except that it omitted therefrom the reference to "each and every one" of the jury in one place, and "any one of" in another; and it is claimed on the part of the appellant that the instruction should have been given as requested, without such modification. The claim of error founded on this action of the court must be denied for at least two reasons; one, that it was not the duty of the court to address its instructions to each one of the jury as individuals; it was sufficient if the law was correctly stated as it applied to the duties of the jury as a collective body; secondly, no sufficient exception was taken to the modification. The exception was to the refusal to give the instruction as requested, and in view of the fact that it was given with only slight modification, this general exception was not sufficient. The exception should have been to the modification of the instruction.

We are satisfied that the defendant had a fair trial, and the judgment and sentence will be affirmed.

DUNBAR, J., concurs.

GORDON, J.—I concur in affirming the judgment.

ANDERS, J., (*dissenting*).—As I am unable to say that the hearsay evidence admitted by the trial court,

and referred to in the foregoing opinion, could not have prejudiced the appellant, I am constrained to dissent.

SCOTT, J.—I concur with ANDERS, J.