[No. 1801. Decided December 30, 1895.]

THE STATE OF WASHINGTON, *Respondent*, v. JOE WILLIAMS, *an Indian, Appellant*.

INFORMATION—ESSENTIALS—INDIANS—CRIMINAL PROSECUTIONS—JURISDICTION OF STATE COURTS — INSTRUCTIONS — EXCEPTIONS.

A preliminary examination before a committing magistrate prior to the filing of an information for a felony is not essential under the laws of this state.

Under the provisions of our code (Code Proc., §§ 1239, 1244), governing prosecutions by information, an allegation in the charging part of an information for murder, that the act was committed "on or about" a certain date, is not open to the objection of being indefinite and insufficient.

An Indian who has severed his tribal relations may be prosecuted in the courts of this state, whether the offense was committed within or without the limits of a reservation.

An Indian who retains his tribal relations may be prosecuted in the courts of this state for offenses committed at a place not within the limits of an Indian reservation.

An information filed in the superior court of a county containing within its limits a part or the whole of an Indian reservation, against a person described as an Indian, need not, in order to confer jurisdiction, aver either that such person does not sustain tribal relations, or that the offense was not committed within the limits of such reservation.

Error in giving instructions will not be considered on appeal, though assigned as error in appellant's brief, when the record discloses that no exception was taken to the instructions.

It is not error to refuse a requested instruction that if any one of the jury, after having considered all of the evidence and after having consulted with his fellow jurymen, entertains a reasonable doubt of the guilt of defendant, the jury cannot find the defendant guilty, as the charge of the court must be addressed to the jury as a whole and not as individuals.

Appeal from Superior Court, Skagit County.—Hon. HENRY McBRIDE, Judge.    Affirmed.

*C. C. Bitting,* and *E. C. Million,* for appellant.

*George A. Joiner,* Prosecuting Attorney, for The State.

The opinion of the court was delivered by

GORDON, J.—An information was filed in the lower court, charging the appellant with the crime of murder in the first degree.    Thereafter said information was, upon motion of appellant's counsel, set aside because of imperfect verification, and against the objection of the appellant the court permitted a new in-

formation to be filed.     To this latter information appellant demurred and the demurrer was overruled. Thereafter, the appellant refusing to plead, a plea of not guilty was entered by direction of the court, and upon trial the jury returned a verdict of murder in the second degree.     Motions for a new trial and in arrest of judgment having been overruled, he was sentenced to imprisonment in the penitentiary for the term of fifteen years, and has appealed to this court from the judgment of conviction.

The first error assigned is that the court wrongfully permitted the filing of the new, or amended information.     Under this head it is urged that no preliminary examination of the defendant was had before a committing magistrate.     Unlike that of California and some of the other states, our constitution does not make a preliminary examination necessary.     The information upon which the defendant was tried asserts all of the facts necessary to give the court jurisdiction under the provisions of § 1204, Code Proc., which authorizes public offenses to be " prosecuted in the superior courts by information in the following cases: . . . 4. Whenever a public offense has been committed and the party charged with the offense is not already under indictment therefor, *and the court is in session and the grand jury is not in session, or has been discharged.*"

2. The information upon which the appellant was tried and convicted is as follows:

"Joe Williams (an Indian) is accused by Geo. A. Joiner as Prosecuting Attorney for Skagit County, State of Washington, the court being in session and the grand jury of said county not being in session, of the crime of murder in the first degree, committed as follows:

The said Joe Williams (an Indian), in the County of Skagit, in the State of Washington, on or about the 13th day of November, A. D., 1893, did purposely and of his deliberate and premeditated malice kill Jimmy Dan (an Indian) by then and there purposely and of his deliberate premeditated malice stabbing and mortally wounding the said Jimmy Dan (an Indian), with a certain knife, to-wit: a butcher knife, which he the said Joe Williams (an Indian) then and there held in his hand."

In support of his demurrer appellant insists that the words " on or about " in the charging part of the information are indefinite and insufficient. Conceding the allegation insufficient under the common law requirements, we think the objection is not well taken under the provisions of our code governing prosecutions by information or indictment. Secs. 1239, 1244, Code Proc.; *Rawson v. State,* 19 Conn. 292; *State v. Thompson,* 10 Mont. 549 (27 Pac. 349); *State v. Harp,* 31 Kan. 496 (3 Pac. 432); *People v. Littlefield,* 5 Cal. 355.

It is further insisted that the demurrer should have been sustained because it appears from the information that the accused is an Indian, and also that the person alleged to have been killed was an Indian; that the Swinomish Indian reservation lies within the county of Skagit, and that the court will take judicial notice of the existence and boundaries of said reservation. We do not think the objection is well taken.

"*Prima facie,* all persons within the state are subject to its criminal law, and within the jurisdiction of its courts; if any exception exists, it must be shown." *State v. Tachanatah,* 64 N. C. 614.

And in § 154, Vol. 1, Bishop's Criminal Law, that learned author says:

"But if the members of an Indian tribe scatter themselves among the people of a state, they become amenable to the state laws."

Our investigation of the authorities leads us to conclude, first, that an Indian who has severed his tribal relations may be prosecuted in the courts of this state without regard to whether the place of the commission of the offense is within or without the limits of a reservation; second, that an Indian who retains his tribal relations may be prosecuted in the courts of this state for offenses committed at places not within the limits of an Indian reservation; third, that an information filed in the superior court of a county containing within its limits a part or the whole of an Indian reservation, against a person who is described in the information as an Indian, need not, in order to confer jurisdiction, aver either that such person *does not* sustain tribal relations, or that the offense *was not* committed within the limits of such reservation. *United States v. Kagama*, 118 U. S. 375 (6 Sup. Ct. 1109); *State v. Campbell*, 53 Minn. 354 (55 N. W. 553); *People v. Antonio*, 27 Cal. 404; *People v. Ketchum*, 73 Cal. 635 (15 Pac. 353); *Hunt v. State*, 4 Kan. 51.

We may properly add in this connection that the evidence upon the trial showed that the homicide occurred at a point in the said county of Skagit distant about fifty miles from the reservation referred to; and further, that the proof tends strongly to show that both the defendant and the deceased had for years lived among the whites, not on any reservation, and that neither of them maintained tribal relations.

3. Various rulings of the trial court made in the course of the examination of witnesses upon the trial are assigned as error. It is sufficient to say that upon

examination we find that the rulings were not erroneous.

4. Appellant urges that the court erred in instructing the jury in two particulars pointed out in his brief. The record discloses, however, that no exception was taken to the instructions, and in such case we have uniformly held that we would not examine the instruction so assailed. Further, it appears to our satisfaction that no prejudice could have resulted from the giving of the instructions complained of.

5. The appellant requested, and the court refused to give the jury, the following instruction:

" If any one of the jury, after having considered all the evidence and after having consulted with his fellow jurymen, entertain a reasonable doubt of the guilt of the defendant, the jury cannot in such case find the defendant guilty. Each juror must be satisfied beyond a reasonable doubt of the defendant's guilt, before he can under his oath consent to a verdict of guilty."

This court passed upon a similar request for instruction in *State v. Robinson*, 12 Wash. 491 (41 Pac. 884), holding that "it was not the duty of the court to address its instructions to each one of the jury as individuals. It was sufficient if the law was correctly stated, as it applied to the duties of the jury as a collective body." We are satisfied with such holding, and no error was committed by the trial court in refusing to give the instruction asked.

The judgment of conviction will be affirmed.

HOYT, C. J., and ANDERS, DUNBAR and SCOTT, JJ., concur.