[Criminal No. 160.   Filed March 18, 1902.]

[68 Pac. 544.]

JUAN ORTEGA, Defendant and Appellant, v. TERRITORY OF ARIZONA, Plaintiff and Respondent.

1. CRIMINAL LAW—INDICTMENT—DUPLICITY—REV. STATS. ARIZ. 1887, PEN. CODE, PAR. 969, AND REV. STATS. ARIZ. 1901, PEN. CODE, PARS. 824, 826, CITED.—Paragraph 969, Penal Code, *supra*, declares

any person to be guilty of a felony ''who shall brand and mark or cause to be branded and marked with his brand or any other brand, not the recorded brand of the owner, any animal being the property of another, or who shall efface, deface, or obliterate any brand or mark upon any animal with intent to feloniously convert the same to his own use.'' Paragraph 824, *supra*, provides: ''The indictment must contain: . . . 2d. A statement of the acts constituting the offense in ordinary and concise language.'' Paragraph 826, *supra*, provides: ''The indictment must be direct and certain as it regards . . . 3d. The particular circumstances of the offense charged when they are necessary to constitute a complete offense.'' An indictment charging that defendant did willfully, unlawfully, and feloniously brand and mark certain cattle with a brand other than that of the real owner, said cattle having been already branded with said real owner's brand, and ''did then and there, by so branding, as aforesaid, the cattle aforesaid, deface, alter, and obliterate the said recorded brand of the real owner,'' while setting forth the details of the act and the attending circumstances with needless particularity, charges only one offense, and substantially conforms to the requirements of paragraphs 824 and 826, *supra*.

2. Same—Same—Appeal and Error—Waiver of Objections.—The objection that an indictment was indefinite because it charged that the offense was committed ''on or about'' a certain day cannot be entertained on appeal, when no motion to quash was made, and the objection was not raised by the demurrer in the lower court.

3. Same—Same—Sufficiency—Time—Definiteness—Rev. Stats. Ariz. 1901, Pen. Code, Par. 829, Cited.—Under paragraph 829, *supra*, providing that ''the precise time at which the offense was committed need not be stated in the indictment, but it may be alleged to have been committed any time before the finding thereof, except where the time is a material ingredient in the offense,'' an indictment for unlawfully branding cattle, charging that the offense was committed on or about the first day of March, 1901, and before the finding of the indictment, is sufficient, time not being a material ingredient in the offense.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. George R. Davis, Judge. Affirmed.

The facts are stated in the opinion.

A. Orfila, for Appellant.

C. F. Ainsworth, Attorney-General, for Respondent.

DOAN, J.—Juan Ortega, the defendant in the lower court, and appellant herein, was indicted on the eleventh day of October, A. D. 1901, for violation of section 969 of the Penal Code of Arizona of 1887, charged with branding with a brand, not the recorded brand of the owner, twelve head of neat cattle, the property of Sabino Otero, with intent to convert the said twelve head of neat cattle to his own use, said neat cattle alleged in the indictment to be worth one hundred and fifty dollars. Upon this indictment the defendant was arrested, and on his plea of not guilty was tried and convicted. A motion for a new trial was denied, and the court thereupon adjudged the defendant to be guilty, and on the twentieth day of November, A. D. 1901, sentenced him to imprisonment in the territorial prison for the term of one year from that date. From this judgment and sentence he appeals.

There is no statement of facts, bill of exceptions, or transcript of the evidence presented in this case, and the appeal is sought to be maintained in this court by the production of a copy of the record, as provided by section 1048 of the Penal Code of Arizona of 1901. Nothing appearing in the record indicates any error in the denial of such motion, or furnishes any data to enable this court to review the action of the lower court thereon.

The only question presented in this case by the record and the appellant's brief is the sufficiency of the indictment. The indictment, omitting the heading, is as follows: "Juan Ortega is accused by the grand jury of Pima County, territory of Arizona, by this indictment, found on the 10th day of October, A. D. 1901, of the crime of felony, committed as follows, to wit: The said Juan Ortega, on or about the 1st day of March, A. D. 1901, and before the finding of this indictment, at the county of Pima, territory of Arizona, did then and there willfully, unlawfully, and feloniously brand and mark, and cause to be branded and marked, with the following brand, to wit, J O, said brand not being the recorded brand of Sabino Otero, the true owner thereof, twelve head of neat cattle, the personal property of Sabino Otero, and theretofore branded with the following brand, to wit, S O, said last-mentioned brand being the duly recorded brand of Sabino Otero; and the said Juan Ortega did then and

there, by so branding, as aforesaid, the cattle aforesaid, deface, alter, and obliterate the said recorded brand of the said Sabino Otero so upon said cattle as aforesaid, with the intent upon the part of him, the said Juan Ortega, to feloniously convert to his own use the said twelve head of neat cattle, said cattle then and there being of the value of $150 lawful money of the United States; contrary to the form, force, and effect of the statute in such cases made and provided, and against the peace and dignity of the territory of Arizona.'' The appellant calls the attention of this court to three alleged defects in the indictment: 1. That it joins two different offenses in one count,—that it charges that the defendant did ''brand and mark,'' and also in the same count that he did ''by so branding . . . deface, alter, and obliterate the said recorded brand''; 2. That the indictment does not state that the defendant branded and marked the cattle with intent to convert the same to his own use; and 3. That the indictment does not state the precise time when the offense was committed. Section 969 of the Penal Code of Arizona of 1887, with a violation of which the defendant ·is charged, declares any person to be guilty of a felony ''who shall brand and mark or cause to be branded or marked with his brand or any other brand, not the recorded brand of the owner, any animal being the property of another, or who shall efface, deface, or obliterate any brand or mark upon any animal with intent to feloniously convert the same to his own use.'' Sections 824 and 826 of the Penal Code of Arizona of 1901 provide as follows: Section 824: ''The indictment must contain, 1st, the title of the action. . . . 2d, a statement of the acts constituting the offense in ordinary and concise language and in such a manner as to enable a person of common understanding to know what is intended.'' Section 826: ''The indictment must be direct and certain as it regards: 1st. The party charged. 2d. The offense charged. 3d. The particular circumstances of the offense charged when they are necessary to constitute a complete offense.'' In the indictment in this case the statement, in the description of the cattle on which the offense was committed, that they had been ''theretofore branded . . . S O, the duly recorded brand of said Sabino Otero,'' was unnecessary, and could well have been omitted. Its employment, however, rendered proper, if not, indeed,

necessary, the allegation that the defendant did "by so brand-
ing as aforesaid the cattle aforesaid, deface, alter, and oblit-
erate the said recorded brand," as a further descriptive
statement of "the acts constituting the offense" and "the
particular circumstances of the offense charged." While the
details of the act constituting the offense and the attending
circumstances are, perhaps, set out with needless particular-
ity, the indictment charges only one offense, and substan-
tially conforms to the requirements of sections 824, 825, and
826 of the Penal Code of Arizona.

The text of the indictment fully answers the second objec-
tion in the words (which must have escaped the eye of the
counsel for appellant) "with the intent on the part of him,
the said Juan Ortega, to feloniously convert to his own use
the said twelve head of neat cattle."

Third. The appellant urges that "charging that the of-
fense was committed on or about a certain day has been uni-
formly held to be indefinite, and fatal upon demurrer or
motion to quash"; and cites authorities. That is true at com-
mon law, and under statutes that require a definite time to
be charged in the indictment, but does not avail in the case
at bar, for two reasons: First, the record discloses no motion
to quash, and this was not urged as ground for demurrer in
the lower court, although the demurrer as presented in the
record was based on six several grounds, specifically set out,
other than the one urged here; second, the offense charged is
strictly a statutory offense, and section 829 of the Penal Code
of Arizona of 1901 provides: "The precise time at which the
offense was committed need not be stated in the indictment,
but it may be alleged to have been committed any time before
the finding thereof, except where the time is a material ingre-
dient in the offense." In this case it is not contended that
the time is a material ingredient in the offense. The indict-
ment alleges that the offense was committed on or about the
first day of March, A. D. 1901, and before the finding of the
indictment, and the record discloses that this was within the
time in which an action may be commenced therefor. This
provision of our statute was taken from the California stat-
ute, and would be governed by the interpretation given it by
the courts of last resort in that state. This same statute is
also adopted by the states of Washington, Montana, and Kan-

sas. In all these states it is uniformly held in cases such as the one at bar that the allegation in an indictment that the offense was committed on or about a day specified in the indictment and before the finding thereof is sufficient. *People* v. *Littlefield,* 5 Cal. 355; *State* v. *Thompson,* 10 Mont. 549, 27 Pac. 349; *People* v. *Bidleman,* 104 Cal. 608, 38 Pac. 502; *State* v. *Williams,* 13 Wash. 335, 43 Pac. 15; *State v. Harp,* 31 Kan. 496, 3 Pac. Rep. 432.

An examination of the record disclosing no error which will warrant a reversal of the case, the judgment of the lower court is affirmed.

Street, C. J., and Sloan, J., concur.