[No. 9622. Department One. November 1, 1911.]

THE STATE OF WASHINGTON, *Respondent*, v. LEE LEWIS, *Appellant*.[1]

LARCENY—EVIDENCE—CORPUS DELICTI. Evidence that furs "disappeared" and were "taken" from witness' place of business sufficiently proves the *corpus delicti* upon a charge of larceny.

LARCENY—GRAND LARCENY—VALUE OF GOODS—EVIDENCE—SUFFICIENCY. Upon a charge of larceny of furs, evidence that goods identified as the goods in question of the value of $12 were found in the defendant's room, and that a day or two previously other identified goods were sold by defendant for $25, is sufficient to show their value to be over $25 and to sustain a conviction of grand larceny.

[1]Reported in 118 Pac. 626.

APPEAL—REVIEW—EXCEPTIONS. In a criminal case, error cannot be assigned on the giving of instructions, in the absence of any exceptions thereto.

Appeal from a judgment of the superior court for King county, Gay, J., entered March 18, 1911, upon a trial and conviction of grand larceny. Affirmed.

*William R. Bell* and *E. R. Sherran*, for appellant.

*John F. Murphy* and *Alfred H. Lundin*, for respondent.

MOUNT, J.—Defendant was convicted of the crime of grand larceny, and sentenced to a term in the penitentiary. He appeals from that judgment, and argues that the evidence was insufficient to make out a case for the jury; that the value of the goods taken is not shown to amount to $25; and that the court erred in its instruction to the jury upon the question of the possession of wrongfully stolen property.

The information charges that the defendant and one Jeff Connelly, on the 12th day of January, 1911, unlawfully and feloniously took, stole, and carried away certain furs, of the value of $100, the property of the H. F. Norton Company. Mr. Norton, when on the stand as a witness for the state, testified that the furs disappeared from his business some time between December 20, 1910, and January 13, 1911; that the value of the furs taken was about $100. It is argued by the appellant that there was no evidence that the furs were stolen, and therefore that the *corpus delicti* was not proven. It is true that Mr. Norton did not use the word "stolen" in speaking of the goods, but when he said the goods *"disappeared"* and were *"taken,"* he meant, of course, that the goods were stolen. No other reasonable interpretation can be placed upon his language.

Appellant also argues that the evidence shows that the goods found in a room occupied by the appellant and another man, and identified as the goods of the Norton Company, were of the value of only $12, and therefore not of sufficient value to warrant a conviction of grand larceny, which, under

the statute, must amount to $25.    It is true that the goods
so found and exhibited at the trial, and identified as the goods
of the Norton Company, were worth only about $12; but it
was also shown that the defendant, a day or two previous to
his arrest, had sold a lot of goods worth at least $25, which
goods were identified as belonging to the Norton Company,
and which the purchasers returned to the Norton Company;
so that it is clear that the value of the goods taken by the de-
fendant from the Norton Company amounted in value to
more than $25.    It is said that the goods might have been
taken at different times, which is quite true; but this was a
question for the jury to determine under all the circum-
stances in the case.

Appellant also argues that the court erred in instructing
the jury upon the question of the possession of recently stolen
property.    There is no merit in this assignment, but if there
were, no exceptions were taken to any of the instructions.    In
such cases, the instructions will not be reviewed upon appeal.
*State v. Williams*, 13 Wash. 335, 43 Pac. 15; *State v. Bring-
gold*, 40 Wash. 12, 82 Pac.132.

Judgment affirmed.

DUNBAR, C. J., PARKER, FULLERTON, and GOSE, JJ., con-
cur.