[No. 15846.   Department Two.   June 4, 1920.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT
CHITTENDEN, *Alias Fred Robinson, Appellant*.[1]

FORGERY (7-1)—EVIDENCE—SUFFICIENCY.   A conviction of forgery
is sustained by evidence that defendant cashed a check purporting
to be drawn by a fuel company, that no such company could be
found, and that the payee's endorsement was probably written by
the same person who drew and signed the check.

CRIMINAL LAW (452)—APPEAL—HARMLESS ERROR—INSTRUCTIONS.
Where the jury were instructed to base their verdict exclusively on
the evidence, and the prosecutor's remarks were not over-zealous, it
is not prejudicial error to refuse to instruct that the jury should
not consider the opinion of the prosecutor.

SAME (301)—TRIAL—INSTRUCTIONS—FORM AND LANGUAGE.   It is
not error to refuse a request to address the instructions to each
juror individually rather than to the jury as a body.

SAME (316)—TRIAL—INSTRUCTIONS ALREADY GIVEN.   It is not
error to refuse instructions that are given in substance in the gen-
eral charge.

Appeal from a judgment of the superior court for
Pierce county, Clifford, J., entered May 31, 1919, upon
a trial and conviction of forgery.   Affirmed.

*Guy E. Kelly* and *Thomas McMahon,* for appellant.

*William D. Askren* and *J. W. Selden,* for respondent.

TOLMAN, J.—Appellant was arrested in California,
brought back to Pierce county, and there arraigned
and tried upon an information charging that he, with
intent to defraud the prosecuting witness of $27.50 in
money, cashed a check for that amount drawn on the
Scandinavian American Bank of Tacoma, to the order
of Fred Robinson, signed by the Acme Fuel Company,
by James E. Davidson, President, knowing that the

[1]Reported in 190 Pac. 232.

drawer of said check was not authorized or entitled to make or draw the same. From a verdict of guilty and a judgment of conviction thereon, this appeal is taken.

The prosecuting witness identified appellant as the person who came into his store on January 16, 1919, and asked him to cash the check, and testified that he had never seen the appellant before that time, and only for about three minutes on that occasion; that he suggested to appellant that he did not know the Acme Fuel Company, and appellant, in answer, suggested that he satisfy himself by telephone; that he went to the rear of the store as if for that purpose, and then noticing that it was after banking hours, that his clerks were all busy, that other customers were waiting to be served, and being impressed by the appearance of appellant, he abandoned the idea of telephoning and cashed the check without further question; that the check was dishonored at the bank on which it was drawn; that he caused inquiry to be made at the bank and learned that there was no such concern as the Acme Fuel Company known to it; that he knew of no such company, and knew of no such person as James E. Davidson president of any fuel company. Two police officers testified that they had searched the Tacoma city directories and the telephone directories covering a period of six years immediately prior thereto, and had inquired of at least three different people engaged in the fuel business in the city of Tacoma, and that they knew of and could learn nothing of any such company as the Acme Fuel Company, or of any such person as James E. Davidson engaged in the fuel business in Tacoma, though, on cross-examination, they refused to state positively that there was no such person operating under that name. The check, with the notations made upon it, was introduced in evi-

dence, and an officer of the bank on which the check was drawn explained the notations as showing that the bank had no such depositor and no account subject to a check so signed, stating further that he knew of no such fuel company or man in the fuel business, and his bank had no such customer. After qualifying as a handwriting expert, he further testified that he had compared the handwriting on the face of the check, including the signature, with the indorsement of "Fred Robinson" on the back of the check, and gave it as his best judgment that the same hand that wrote the indorsement also wrote and signed the check. Certain qualifying remarks by this witness are the basis of some of appellant's assignments of error, and we therefore quote the witness on this subject:

"Q. I wish you would take this check, State's Exhibit A, and look at the signature on the front, James E. Davidson, president, and also the payee in the check, Fred Robinson, and compare them with the words 'Fred Robinson' on the back, and state whether or not in your judgment it was the same hand that wrote all of that on this check? A. I think it is, although I would not care to state that definitely. Q. That is your best judgment? A. My best judgment is that it is, but I made a mistake once, however. Q. Do you see a considerable similarity between the writing? A. Yes, the capital 'R' bears a strong characteristic of being the same. The figures are similar; the strokes in the figure '2' and the figure '5' on the front and back of the check show the same. The letters 'on' in 'Robinson' appears to be the same. One is written in a backhand as if it were written by the same person in an attempt to disguise it evidently, but I would feel fairly sure the same person wrote both of them."

On cross-examination, the witness stated that there was some similarity between the handwriting of appellant's then counsel, which was shown him, and the handwriting on the check, but he would be more definite

as to the similarity of the handwriting on the face and the back of the check.

Appellant contends that the trial court should have dismissed the case, instructed a verdict for defendant, or at least have granted a new trial, because of the insufficiency of the evidence. It is admitted that there was sufficient evidence from which the jury could find that the appellant was the person who cashed the check, and that the check was bad because the drawer had no account in the bank upon which it was drawn; but it is strenuously argued that the evidence was insufficient to justify the jury in finding that the Acme Fuel Company was non-existent, or that the person who indorsed and cashed the check in fact wrote it, and that the jury must have found one of these facts in order to draw the inference that appellant in cashing the check intended to defraud. The check was dated Tacoma, Washington, January 16, 1919, on a printed form, stamped with its amount by a protectograph, such as is used by well established business houses, and the name Acme Fuel Company was stamped thereon by a rubber stamp, from which the jury would be fairly justified in drawing the conclusion that it was not such a check as would be drawn by an itinerant dealer, or by a producer or dealer doing business in some other city, some suburb, or outlying timber or mining district. When there is added to the check itself the testimony as to the inquiry made for the Acme Fuel Company and James E. Davidson in the fuel business, and the results of that inquiry as testified to, the conclusion, in the absence of explanation, became almost irresistible that the check was fraudulently uttered and negotiated. But were this not so, the testimony of the officer of the bank, hereinbefore quoted, taken in connection with the check itself and

the obvious similarity of the handwriting on its face to the indorsement, shown by direct testimony to have been made by appellant, would be sufficient evidence to justify the jury in finding the necessary criminal intent. If we admit, for present purposes, as contended by appellant, that, in a criminal case, a mere scintilla of evidence, or even some proof, is not sufficient to require the submission of the case to the jury, yet that rule does not apply here, because, as we view it, there was substantial evidence upon all material points. As we said in *State v. Lance*, 94 Wash. 484, 162 Pac. 574:

"We are satisfied that there is substantial evidence tending to show every material fact necessary to be shown in order to sustain the verdict found. This is as far as the appellate court may legitimately inquire. The weight of the evidence was for the jury, and, when it is found that every material fact necessary to be proven has support in the evidence and that the trial court has refused to interfere, the verdict is conclusive."

Appellant makes no complaint of instructions given, but assigns error upon the refusal of the court to give three instructions requested by him. The first of these covers the subject that the opinion of the prosecuting attorney as to defendant's guilt should not be considered by the jury. The court did instruct that the jurors should base their conclusions exclusively upon the evidence in the case, and we see nothing so far overzealous in the prosecutor's remarks to the jury, which are preserved in the record, as to make it error to refuse the requested instruction.

The next requested instruction was to the effect that all of the court's instructions were intended as though addressed to each juror individually instead of to the jury as a body. It seems well settled in this state

that it is not error to refuse such an instruction. *State v. Robinson*, 12 Wash. 491, 41 Pac. 884; *State v. Cushing*, 17 Wash. 544, 50 Pac. 512.

The last requested instruction, upon the refusal of which error is assigned, was given in substance by the court, and, as given, appears to have been as clear and as favorable to appellant as was the one he requested.

The judgment is affirmed.

HOLCOMB, C. J., FULLERTON, MOUNT, and BRIDGES, JJ., concur.