## JOINER *vs.* THE STATE OF GEORGIA.

1. The evidence being sufficient to support the verdict, the discretion of the presiding judge will not be controlled where he overrules the motion for a new trial on that ground, unless that discretion be abused, and it is not abused if the evidence be strong enough to warrant the verdict.

2. Where the person charged to have been ravished is only eleven years and three months old, it is not error to refuse a written request " that if the jury should find from the evidence that the girl, Emma Anderson, was mentally capable of consenting, though physically unable so to do, she being over ten years of age, and the defendant, she consenting, did have carnal knowledge of her, then it would be no rape"—the law, as ruled in 11 *Ga.*, 225, having been given fully to the jury on the subject of consent at such an age and under the facts of the case.

Criminal law. New trial. Before Judge BARTLETT. Jones Superior Court. October Term, 1878.

Joiner was indicted for the rape of Emma Anderson, a girl eleven years and three months old. The evidence for the state consisted in the testimony of the girl and her mother. The former testified positively to the rape ; the latter corroborated her on some points, viz : her presence at Joiner's house on the day of the alleged crime, that she was sick and sore in the stomach and groin during the next week ; that a week afterwards, when the child changed her under-clothes, some blood was found on them. It appears that she did not tell her mother of the rape until some months after it happened, and then only when questioned. There was no evidence for defendant. He was found guilty, recommended to mercy, and sentenced to fifteen years in the penitentiary. He moved for a new trial on the following, among other grounds :

1. Because the verdict was contrary to law and the evidence.

2. Because the court refused to charge the following request : " That if they should, from the evidence, find that the girl, Emma Anderson, was mentally capable of con-

senting, though physically unable to do so, she being over ten years of age, and the defendant, she consenting, did have carnal knowledge of her, then it would be no rape."

The motion was overruled, and defendant excepted.

BLOUNT, SIMMONS & HARDEMAN, by HARRISON & CONNALLY, for plaintiff in error, cited as follows : Verdict against evidence, 49 *Ga.*, 185 ; 1 Hale, 633 ; Roscoe, 863 ; 55 *Ga.*, 304 ; W. & S. Med. Juris., 468. On request to charge, 2 Bish., (6 Ed.,) 1123 ; Code, §§4349, 4295. Penalty too severe, 56 *Ga.*, 36.

ROBERT WHITFIELD, solicitor-general, by BOLLING WHITFIELD ; ROBERT V. HARDEMAN, for the state, cited on refusal to charge, 11 *Ga.*, 225 ; 47 Vt., 82 ; 12 Iowa, 66 ; 29 Mich., 274.

JACKSON, Justice.

1. So far as the sufficiency of evidence to support the verdict is concerned, it turns on the credibility of the girl and her mother, and it was for the jury to pass upon that. It is somewhat strange that the child did not tell her mother sooner, but her failure to do so is but a circumstance from which the guilt of consent or acquiescence in the cohabitation on her own part might be inferred ; and she was but eleven years old and had not arrived at years of puberty, and in fact had not attained the menstrual age when it is believed that passion or sexual desire moves a female. She was but a few months over the period when, by the fixed rule of law, she could not consent, and so young that every presumption is that she did not. She swore positively to the rape, her mother saw blood on her garments a short time after the day the rape is said to have been committed, the jury believed these witnesses, the presiding judge acquiesced in the finding, and the evidence, if believed, and it is unimpeached, is sufficient to support the verdict. In

such a case the well-settled rule of this court is not to over-rule the judgment which refused a new trial.

2. The request to charge was properly refused. It was that "if the jury should find, from the evidence, that the girl, Emma Anderson, was mentally capable of consenting, though physically unable to do so, she being over ten years of age, and the defendant, she consenting, did have carnal knowledge of her, then it would be no rape."

In the charge of the court the law as expounded in 11 *Ga.*, 225, on the subject of consent in one of so tender an age, was given to the jury, and such being done, we think the court did not err in refusing the charge. The distinction between mental and physical ability to consent, is hard to be understood, and if given would probably have confused the jury and shed no light upon the matter under their investigation. Cohabitation with the child, she consenting, had she been one year and three months younger, would have been rape, because she could not consent; and the court charged to the effect that it was for the jury to determine, from the age and the appearance of the child, and the fact, if they believed it, that she was too young to feel desire and consent, whether or not she did consent; if they believed she did, then the defendant was not guilty, otherwise that he was, if they believed the fact of cohabitation. Substantially this is the law, and the case was legally tried. The judgment is, therefore, affirmed.

Judgment affirmed.