JOHN A. BOYD, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. The question of the unconstitutionality of a statute will not be considered at the instance of one whose rights are not shown to be affected by the statute.  The principle applied as to the provision of Section 3, Chapter 4120, acts of 1893, denying compensation and mileage to defendant's witnesses in criminal cases.

2. An affidavit for a continuance that does not state the facts to be testified to by the absent witness, but gives, in effect, only the opinion of the witness as to the guilt of the accused, is insufficient.

3. Where there is no abuse of a sound discretion by the trial court in refusing a continuance, its action should not be disturbed.

4. It is proper to refuse to instruct a jury that if any one of them entertained a reasonable doubt of the guilt of the accused it would be the duty of the jury to acquit.

Writ of Error to the Circuit Court for DeSoto county.

The facts of the case are stated in the opinion of the court.

*Frank Clark* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

RANEY, C. J. :

The indictment was found on the 31st day of October at the Fall term, 1892, of DeSoto Circuit Court, and charges the accused with having on September 10th, 1892, in DeSoto county, feloniously and fraudulently changed the mark of a certain marked animal, a steer, the property of one William Worley, the alleged change being from an upper square and under bit in one ear, and under slope in the other ear, to a crop, split and under bit in one ear, and bolt in the other ear of the animal; and the changes being charged to have been made with intent feloniously and fraudulently to claim the same and to prevent the identification of the animal by the true owner.

It appears from the bill of exceptions that on October 24th, at the Fall term, 1893, the defendant presented a motion wherein he asked and demanded as his right under the Constitution of the State, that the judge should sign an order directing the clerk of the court to issue, and the sheriff to serve, a subpœna for a witness, G. W. Randall, the motion being accompanied with an affidavit made in triplicate by the defendant, and stating that the defendant was charged with the offense stated, and that he was utterly insolvent and unable to pay the costs of his defense or of procuring the attendance of his witnesses, and that Randall was a witness and would testify that he was with deponent at the time when said offense is charged to have been committed, and that defendant did not commit the same, and that the witness was necessary to defendant's defense, and he could not procure his attendance without subpœna. The judge made an order on the same day, that "the motion is refused in so

far as the State is required to pay defendant's witness fees, but the court will grant compulsory process for all defendant's witnesses upon request of defendant's counsel," and the defendant excepted.

It also appears that on the 26th day of the same month and at the same term, the cause coming on to be tried, the defendant moved for a continuance, supporting the motion by his affidavit fiiled the same day, to the effect that G. W. Randall, who lived in DeSoto county, was a material witness for him, and if present would testify that he was with deponent at the time the offense was charged to have been committed, and that defendant did not commit the same; that defendant on October 24th, 1893, filed a praecipe for the witness with the clerk of the court and the clerk issued a subpœna for him and placed it in the hands of the sheriff of the county, and that the sheriff had informed defendant that the subpœna had been sent to the witness, but that no return had yet been made; and further, that the witness was not absent by the procurement or consent of defendant, directly or indirectly given, and that defendant knows of no other person by whom "said facts" could be established, and that he expected to procure the attendance of Randall at the next term of the court. The motion having been overruled, the defendant excepted.

The trial proceeded, resulting in a verdict of guilty, upon which verdict, and after the overruling of motions in arrest of judgment and for a new trial, the accused was sentenced to imprisonment in the State prison for two years.

Counsel for the plaintiff in error rests the former of the above motions on the eleventh and fourteenth sections of the Declaration of Rights, the former of which provides, so far as it need be stated, that in all crimi-

nal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury, in the county where the crime was committed, and have compulsory process for the attendance of witnesses in his favor; and the latter is, that no person shall be compelled to pay costs except after conviction on a final trial.    He admits, in effect, that the act of June 7th, 1887, Chapter 3702, entitled "An act to provide for and regulate the payment of costs and expenses in certain cases of criminal prosecution by the State," is repealed, at least in so far as the matter now before us is concerned, but insists that the act of May 30th, 1893, Chapter 4120, entitled "An act to prescribe the compensation to be paid jurors and witnesses serving in the courts of this State, and to provide for summoning defendant's witnesses," is, in so far as it enacts that no compensation or mileage shall be paid by the State to defendant's witnesses in criminal cases, Section 3, Chapter 4120, acts of 1893, in conflict with the indicated provisions of the organic law.    The further position is also taken that the State has no right either legal or moral to compel a citizen to attend court either as a juror or a witness without adequate compensation. Counsel do not invoke the provision of the Constitution (sec. 9, Art. XVI), that in all criminal cases prosecuted in the name of the State where the defendant is insolvent or discharged, the State shall pay the legal costs and expenses, including the fees of officers, under such regulations as shall be prescribed by law.    Buckman vs. Alexander, 24 Fla., 46, 3 South. Rep., 817. As the subject impresses us, the defendant is not in a position to invoke a decision on any of these alleged invasions of constitutional rights, and for the reason that he does not show that he has failed to secure compulsory process, or that he has been compelled to pay

any costs, or that the absence of the witness or failure to secure his presence, or to serve the subpœna, if it was not served, was in anywise due to the non-payment of, or inability to pay fees to the witness. It is apparent that the subpœna was issued, and was in the process of execution by the sheriff, and it does not appear that the defendant applied to the court for a postponement of the trial for a reasonable time until the execution of the writ could be had and the result learned. Under this state of facts, in which it is not shown that the defendant has been harmed by what he complains of, we can not enter upon a consideration of the mooted questions. County Commissioners of Franklin Co. vs. State *ex rel.* Patton, 24 Fla., 55, 3 South. Rep., 471.

Passing to the affidavit for a continuance, it is materially deficient in that it does not state the facts to be testified to by the witness as supporting the conclusion that the defendant "did not commit" the offense. If the witness saw the changes in the marks made, the affidavit should state when they were made, and if defendant was present, explain what his conduct as to the transaction was; or, on the other hand, if the defendant was not present and had nothing to do with it, that such was the fact. As it is, the affidavit states only the opinion of the witness as to the guilt of the accused, and does not enable the court to pass upon the legal effect of what it may be in his power to testify. It is unnecessary to comment upon the unexplained delay until October 24th, 1893, the second day of the second term of the court after the finding of the indictment, in applying for a subpœna, or the considerations suggesting themselves as against a continuance till another term, while a subpœna returnable to the pending term was in the hands of the sheriff under

the circumstances stated in the affidavit.    No abuse of a sound discretion by the trial court is shown, and its action in the premises should not be disturbed.    Gladden vs. State, 12 Fla., 562; s. c., 13 Fla., 623; Blige vs. State, 20 Fla., 742; Denham vs. State, 22 Fla., 664; Dansey vs. State, 23 Fla., 613, 2 South. Rep., 692; Hicks vs. State, 25 Fla., 535, 6 South. Rep., 441; Newberry vs. State, 26 Fla., 334, 8 South. Rep., 335.

The refusal of the judge to charge the jury:    "If all of you, or either of you, upon consideration of the whole evidence in the case have in your minds, or mind, a reasonable doubt of the defendant's guilt, under the charge given you by the court, it will be your duty to give the defendant the benefit of said doubt and acquit him," is also assigned as error.    The meaning of this is, that if any one juror entertained such a doubt, the other five jurors, although they were satisfied beyond any reasonable doubt of the guilt of the accused, should surrender their judgment to the doubt of the one, and concur in a verdict of acquittal. The judge was right in refusing to give the instruction, and had already charged in the language which is ordinarily used and secures to each juror the exercise of his individual judgment.

It is unnecessary to set out the testimony; we have all considered it carefully, and are satisfied that it sustains the verdict and is such as to preclude the interference of an appellate court.

The judgment is affirmed.