GEORGE BARKER, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. On an indictment for rape it is not necessary for the State to prove emission in order to sustain the charge. Proof of penetration alone is sufficient.

2. The court refused to instruct the jury at the request of defendant as follows: If, after a comparison and consideration of all the testimony in the case, there remains upon the mind of any one of your number a reasonable doubt as to the truth of the charge as laid in the indictment, then under your oaths as jurors, you can not convict the defendant: *Held*, the refusal was not error in view of other charges given on the subject.

3. It is not error to refuse an additional charge when the court has already fully and sufficiently charged on the point covered by the additional request.

4. The court commits no error in refusing an instruction which implies, and is calculated to impress the jury with the view, that there is no testimony as to a certain phase of the case, when the record shows that in point of fact there was such testimony.

Barker v. State of Florida—Opinion of Court.

5.    An indictment for rape sufficiently alleges the offense to have been committed on a female when the name of the person alleged to have been ravished is that of a female, and the pronoun "her" is employed in further identification, though there be no direct allegation in terms that the person was a female.

6.    The Circuit Courts of this State having jurisdiction of the capital offense of rape, has the power under the constitution and laws of this State to impose the penalty for an assault with intent to commit rape when the jury acquits of the higher, but returns a verdict of guilty of the lesser offense.

7.    The evidence in this case held sufficient to sustain a verdict of guilty of assault with intent to commit rape.

Writ of Error to the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

*Clark & Gibbons*, for Plaintiff in Error.

*The Attorney General*, for Defendant in Error.

MABRY, J.:

Plaintiff in error was indicted in the Circuit Court for Duval county for the crime of rape, and upon trial was convicted of an assault with intent to commit rape. The sentence imposed by the Circuit Judge was twenty years in the penitentiary.   The charging part of the indictment is "that one George Barker, late of the county of Duval and State of Florida, on the 17th day of January, in the year of our Lord one thousand eight hundred and ninety-seven, in the county and State aforesaid, with force and arms in and upon one Mabel Bettelini did make an assault, and her, the said Mabel Bettelini, then and there feloniously did ravish and carnally know, forcibly and against the will of her, the said Mabel

Bettelini, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Florida."

The first error assigned here on the record brought up by writ of error is, that the court erred in refusing to give to the jury the seventh instruction requested by the defendant as follows, *viz*: "You are instructed that while under our law it is not necessary upon a trial for rape to specifically prove emission, yet the circumstances must be such as infer that emission did take place." The statute provides that whoever ravishes and carnally knows a female of the age of ten years or more, by force and against her will, or unlawfully or carnally knows and abuses a female child under the age of ten years, shall be punished by death, or by imprisonment in the State prison for life. It shall not be necessary to prove the actual emission of seed, but the crime shall be deemed complete upon proof of penetration only. It is not now necessary for the State to prove emission in order to sustain a charge of rape. Penetration alone is sufficient. Regina v. Allen, 9 C. & P. 31; Ellis v. State, 25 Fla. 702, 6 South. Rep. 768; Brauer v. State, 25 Wis. 413; Pennsylvania v. Sullivan, Addison (Pa.), 142; State v. Hargrave, 65 N. C. 466.

Another assignment of error is the refusal of the court to give the jury the following instruction requested by the defendant, *viz*: "If after a comparison and consideration of all the testimony in the case, there remains upon the mind of any one of your number a reasonable doubt as to the truth of the charge as laid in the indictment, then under your oaths as jurors, you can not convict the defendant." In the general charge the court instructed the jury that "the accused is always presumed to be innocent of the offense charged until he is proved guilty, and to overcome this presumption and

establish his guilt it is not sufficient to furnish a mere preponderance of evidence tending to prove his guilt, nor to prove a mere probability of his guilt, but proof of his guilt to the exclusion of or beyond a reasonable doubt is indispensable. The burden of such proof is upon the State, and it is to the evidence introduced upon the trial, and to it alone, that you are to look for such proof; keeping this in mind as jurors charged with the solemn duty in hand, you must carefully, impartially and conscientiously consider, compare and weigh all the testimony, and if after doing this you find that your understanding, judgment and reason are satisfied and convinced by it to the extent of having a full, firm and abiding conviction to a moral certainty that the charge is true, then the charge has been proved to the exclusion of any reasonable doubt, and it is your duty to convict." And for the defendant the court charged the jury that "in this trial the defendant, George Barker, is entitled to the benefit of *every* reasonable doubt that may be resting upon your minds as to the truth of the charge as laid in the indictment upon which he is being tried. It is the duty of the State, before a conviction can be asked at your hands, to prove to your satisfaction and beyond all reasonable doubt, every material allegation contained in the indictment. If after a comparison and consideration of all the testimony there remains upon your minds a reasonable doubt as to the truth of the charge, you are bound under your oaths to give the defendant the benefit of such doubt and acquit him." In other portions of the charges given, both for the State and defendant, the jury were told that if they had any reasonable doubt, upon considering the evidence, of the guilt of the accused they should acquit him. In the case of Boyd v. State, 33 Fla. 316, 14 South. Rep. 836, the refusal of the trial court to charge, in effect, that if any

one of the jury entertained a reasonable doubt of the guilt of the accused it would be the duty of the jury to acquit, was approved. The meaning of the charge was that if any one juror had a reasonable doubt, the others, though satisfied beyond such doubt of the guilt of the accused, should surrender their judgment to the doubt of the one and concur in a verdict of acquittal. Such a charge was clearly erroneous. It is said in the Boyd case that the judge was right in refusing to give the instruction, and had already charged in the language which is ordinarily used, and which secures to each juror the exercise of his individual judgment. A request to instruct the jury, in substance, that if any juror entertained a reasonable doubt of defendant's guilt, he was not required to surrender his convictions because other jurors entertained no such doubts, was refused, and the refusal sustained in the case of State v. Hamilton, 57 Iowa, 596, 11 N. W. Rep. 5. It is said in the opinion that "of course each juror is to act upon his own judgment. He is not required to surrender his convictions unless convinced. He may be aided by his fellow jurors, in arriving at the truth, but he is not to find a verdict against his judgment merely because the others entertain views different from his own. But a jury need not be advised of so simple a proposition. The usual method of instructing upon the measure of proof required in criminal cases is sufficient." In State v. Sloan, 55 Iowa, 217, 7 N. W. Rep. 516, and State v. Stewart, 52 Iowa, 284, 3 N. W. Rep. 99, instructions that a reasonable doubt was such as arose fairly and naturally in the minds of the whole jury, and such as was susceptible of being so construed as to require the jury to convict, unless each individual juror shared a reasonable doubt of the guilt of the accused, were pronounced erroneous. Decisions in the State of Washington sustain the rejection

of such a charge as was refused in the case before us. State v. Robinson, 12 Wash. 491, 41 Pac. Rep. 884; State v. Williams, 13 Wash. 335, 43 Pac. Rep. 15. In Kansas and Indiana it was held reversible error to refuse a charge to the effect that if any one of the jury, after having considered all the evidence in the case, and after consultation with his fellow jurymen, should entertain a reasonable doubt of defendant's guilt, the jury could not find the defendant guilty. State v. Witt, 34 Kansas, 488, 8 Pac. Rep. 769; Castle v. State, 75 Ind. 146; Stitz v. State, 104 Ind. 359, 4 N. E. Rep. 145; Clem v. State, 42 Ind. 420, S. C. 13 Am. Rep. 369; Fassinow v. State, 89 Ind. 235; Aszman v. State, 123 Ind. 347, 24 N. E. Rep. 123. In Alabama it is pronounced error to refuse a charge in a criminal case, that each juror must be satisfied beyond a reasonable doubt that the accused is guilty before a conviction can be had. Carter v. State, 103 Ala. 93, 15 South. Rep. 893; Grimes v. State, 105 Ala. 86, 17 South. Rep. 184. In the charges considered in the Kansas and Indiana cases referred to, the view of conference or consultation with fellow jurors was embraced, which is absent from the charge refused in the case before us. It is the duty of jurors in arriving at a verdict to consult with each other and reconcile any differences which they may entertain as to the evidence, if this can be done consistently with individual convictions. The object of the trial is to reach a unanimous conclusion, one way or the other, and not a disagreement. Commonwealth v. Tuey, 8 Cush. 1; State v. Smith, 49 Conn. 376. It is unquestionably true that all the jurors must concur in a verdict of guilty, and each one must be satisfied from the evidence, beyond a reasonable doubt of the prisoner's guilt, but the view expressed in our previous decision (Boyd v. State) is that a charge in the language ordinarily used on the subject

of a reasonable doubt secures to each juror the exercise of his individual judgment, and the decisions in Iowa and Washington can be considered as sustaining this view. The instructions on reasonable doubt in the present case are very full, and, considering their entire significance, there is no just ground for an inference that error was committed or any injury done the accused by a refusal to give the further charge requested.

It is insisted that the court erred in refusing to give the following instruction, viz: "That a female outraged should seek the first opportunity to complain of same, and the fact that she does not complain immediately, is material in the question of giving consent on the part of the party making the charge." We are of the opinion that the court sufficiently covered the ground of this charge in the sixth instruction requested by the defendant, and that there was no error in the ruling.

The court refused to give this charge, and the ruling is assigned as error, viz: "You are charged that it is your duty to be cautious against convicting the defendant for rape, or attempting to commit rape, on the testimony of the prosecutrix alone, not supported by other evidence, direct or circumstantial." Whether it would be error for the court to refuse to give such a cautionary charge in a case where there was no corroborative evidence, either direct or circumstantial, of full proof of the crime on the part of the prosecutrix, it is not necessary to decide. The charge requested implies, and it is calculated to impress the jury with the view, that there was no testimony in the case, direct or circumstantial, to support the evidence of the prosecutrix. The statements of the accused made to third parties in reference to the charge against him, and which were put in evidence, tended to support, in part, at least, the evidence given by the prosecutrix. The rule in this

State forbids the court to intimate an opinion in charging the jury as to the testimony where there is a sufficiency of it for their consideration. Garner v. State, 28 Fla. 113; 9 South. Rep. 835; Metzger v. State, 18 Fla. 481; Doyle v. State, 39 Fla. 155, 22 South. Rep. 272.

It is further insisted that the court erroneously, struck from the eighth and ninth charges the words "and acquit him." The bill of exceptions does not show that the words mentioned were struck out of the charges. As appears from the charges given there was no erasure of the words, and there is nothing in the record to show us that they were erased. It is true that in the motion for a new trial, overruled, there is a ground stated that the court struck out said words, but this alone is no evidence of the facts there recited. Neither is there anything to show, as claimed by counsel for the accused, that any of the charges were taken by the jury to their consultation room.

The only ground in the motion for a new trial not already considered is, that the evidence was not sufficient to support the verdict. The finding was for an assault with intent to commit rape. If the assault was with intent to commit the principal offense, the jury could have rendered the verdict they did, although the testimony may not have satisfied them beyond a reasonable doubt that at the time the offense was committed there was such want of consent as to authorize a conviction for the higher offense. This is expressly decided in the case of State v. Cross, 12 Iowa, 66, S. C. 79 Am. Dec. 519. Of course the assault must be made with intent to ravish and carnally know the female assaulted at all events, and notwithstanding any resistence on her part, and if what the accused did was with consent, the female being over ten years, there can be

Barker v. State of Florida—Opinion of Court.

neither rape, nor an assault with intent to commit rape. Carnal knowledge of a female over ten years old unaccompanied with any circumstance of force, fear or fraud, is not rape under our statute. The act must be by force and against the will of the female; and when she is over ten years of age, in possession of her mental and physical faculties, and of an enlightened mind, a failure to resist is evidence of consent. There must, as a general rule, be positive resistence, to what extent the authorities are not fully agreed; some holding that the resistence must be to the extent of the woman's ability; and others, that there must be the utmost reluctance and resistence. Hollis v. State, 27 Fla. 387, 9 South. Rep. 67. The ages of the parties, their situation and surrounding circumstances should be considered. Under the age of ten the law presumes that a female can not consent to carnal intercourse, but above that age she may. In determining whether or not she does consent when over ten, her age may be considered, and also her knowledge as to such matters. She is presumed to be enlightened when past the age of ten, but this is subject to explanation by proof. The case of Hollis v. State recognizes this to be true. The case of Regina v. Day, 9 Car. & P. 722, the proof of the age of the girl not being satisfactory, proceeded upon a count for common assault. It was held that although consent on the part of the girl would put an end to the charge of assault, yet there was a great difference between consent and submission; and that although in case of an adult, submitting quietly to an outrage of this kind, would show consent; yet in the case of a child the jury should consider whether the submission was voluntary, or was the result of fear under the circumstances in which she was placed. There was no violence and no positive resistence shown, but the accused followed the girl into a dark lane in London, and

there made the assault. The girl was not far from ten years old. We have characterized this case as an extreme one (Hollis v. State, *supra*,) but in the case of children of very tender age, many cases hold, and it is undoubtedly the correct rule, that age may be considered in determining the question of consent. Rex v. Nichol, Russell & Ryan C. C. 130; People v. Gage, 62 Mich. 271, 28 N. W. Rep. 835; Joiner v. State, 62 Ga. 560; People *ex rel.* v. Justices, 18 Hun, 330; 2 Bishop's New Crim. Law, §1124. That this is true, is clearly stated by COOLEY, Judge, arguing in the case of Crosswell v. People, 13 Mich. 427, S. C. 87 Am. Dec. 774, where the assault alleged was upon an insane woman. The girl in this case was very young. According to the testimony, admitted without objection, she was only about two months over ten years old. The accused had frequently visited her home and seen her often. He led her on Sunday evening up into the Red Men's Hall, three stories high, and after getting into the room he locked the door. The testimony leaves no room to doubt that the accused tried to have sexual intercourse with the girl, and the locking of the door and putting his hand over her mouth when she attempter to hollo indicated a determined purpose to accomplish the act.

The jury doubtless did not believe that penetration was sufficiently proven, but it can not be said that they had no right to conclude beyond a reasonable doubt that an attempt to penetrate had been made. The point of weakness in the State's case is on the question of resistence or consent. To what extent the girl was enlightened about such matters is not disclosed further than what she states in her testimony before the jury. She testified that after getting into the room the accused first took off one of her under garments, and she was asked if she objected, and replied that she did not know

what he was going to do.  The girl was before the jury
and they had the best opportunity of judging to what
extent she really comprehended the nature of defend-
ant's act.  It is contrary to all reason to hold a girl of
such tender age as disclosed in this case to the same
measure of resistence as older females of judgment and
discretion.  Considering the girl's age, her situation at
the time—in the third story of a house with the door
locked—and all the circumstances of the case, we are
disinclined to disturb a verdict from an assault with in-
tent to commit rape.  Mr. Bishop says (vol. 2 New
Crim. Law, §1124) "if the girl is very young, and not
enlightened on the question, the judge and jury will de-
mand less clear opposition than in the case of an older
and intelligent female, or even convict where there was
no apparent opposition."

Two questions are presented by a motion in arrest
of judgment:  The first one is that the indictment does
not allege that the person upon whom the assault was
made was a female.  There is no direct allegation in
terms that Mabel Bettelini was a female, but that she
was, is sufficiently stated.  The name "Mabel," and the
pronoun "her," directly apply to a female.  In defining
the crime of rape the statute employs the terms, "who-
ever ravishes and carnally knows a female," &c., and it
is always better to allege directly that the person as-
saulted was a female.  The authorities, however, clearly
sustain such an indictment as the one before us, and we
pronounce it sufficient.  Hill v. State, 3 Heis. (Tenn.)
317; State v. Hussey, 7 Iowa, 409; Taylor v. Common-
wealth, 20 Gratt. 825; State v. Warner, 74 Mo. 83;
State v. Hammond, 77 Mo. 157.  The other ground of
contention is that as the jury found a verdict for an as-
sault with intent to commit rape, the Circuit Court was
ousted of its jurisdiction, and further proceedings could

only be had in the Criminal Court of Record of Duval county. The Constitution of 1885, section 11, Article 5, provides that the Circuit Courts shall have exclusive original jurisdiction "of all criminal cases not cognizable by inferior courts." They are also given final appellate jurisdiction in all criminal cases arising in the county court, or before the county judge, of all misdemeanors tried in Criminal Courts, of all judments or sentences of any mayor's court, and of all cases arising before justices of the peace in counties in which there is no county court. Section 24 of the same article provides that the Legislature may, upon conditions stated, establish criminal courts of record, and the twenty-fifth section enacts that the criminal courts of record shall have jurisdiction of all criminal cases not capital, which shall arise in their respective counties. Rape is a capital offense under our laws. This offense is not made cognizable by the criminal court of record, nor by any other inferior court and by the very terms of the Constitution is made cognizable by the Circuit Court. Under the former Constitution of 1868, of which the present is a revision, Circuit Courts had exclusive jurisdiction of the crime of rape, and it is a well established rule that the jurisdiction of superior courts is never ousted except by express words or necessary implication. Wells on Jurisdiction of Courts, §73; Commonwealth v. McCloskey, 2 Rawle (Pa.), 369. An assault with intent to commit rape, punishable under our laws as a felony, is included in the higher charge for rape, and, independent of any statute, the Circuit Court could, under the former Constitution, punish for the lesser offense when found under the higher charge of rape. The rule under that instrument was that the charge in the indictment determined the jurisdiction of the court. McLean v. State, 23 Fla. 281, 2 South. Rep. 5; Winburn v. State, 28 Fla. 339, 9 South.

Rep. 694. The section of the Constitution conferring jurisdiction on the Criminal Courts of Record expressly excepts *capital cases*, and its terms do not expressly, or by necessary implication, deprive the Circuit Courts of the full jurisdiction possessed by them over such cases. The section of the Constitution conferring jurisdiction on the Circuit Court provides that such court shall have exclusive original jurisdiction of certain civil causes and "of criminal cases not cognizable by inferior courts; and original jurisdiction of actions of forcible entry and unlawful detainer, and of such other matters as the Legislature may provide." Section 2921 Revised Statutes enacts that "whenever any person indicted for a felony shall on trial be acquitted by a verdict of part of the crime charged, and convicted on the residue thereof, such verdict may be received and recorded by the court, and thereupon any person charged shall be adjudged guilty of the crime, if any, which shall appear to the court to be substantially charged by the residue of such indictment or information, and shall be sentenced and punished accordingly." As above stated, the grant of jurisdiction to the Criminal Court of Record is not in terms exclusive, and does not forbid the Circuit Court from trying and imposing the sentence of the law when there has been a conviction of a lesser offense in a trial on an indictment charging a higher one.

Our conclusion is that the Circuit Court committed no error in overruling the motion in arrest of judgment.

Let the judgment be affirmed.