EMERY BALDWIN AND ALBERT TILLMAN, *Plaintiffs in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. Under Revised Statutes, section 2894, the omission of the word "feloniously" from an information for larceny is not fatal, nor does such omission make the information so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.

2. In an information for larceny the addition of the words "lawful money of the United States" to the allegation of value is neither necessary nor usual.

3. When the crime is alleged to have taken place in a certain county, the omission of the words "then and there being found" from an information for larceny is not fatal.

4. It is not error after charging that in order to convict, the jury must be satisfied beyond a reasonable doubt of defendant's guilt and defining the phrase "reasonable doubt" to refuse to charge: "If from the testimony in this cause there arises in your minds, *or in the minds of either of you,* a reasonable doubt as to defendant's guilt, you can not find such defendant guilty."

5. In instruction: "To constitute a person a principal in the commission of larceny, the person must have been actually present at its commission" ignores the idea of constructive presence and is properly refused.

6. Instructions that invade the province of the jury, single out and emphasize specific parts of the testimony for consideration without reference to other parts and are argumentative are properly refused.

7. A charge in a prosecution for larceny that "any participation in a general felonious plan, provided such plan be concocted, and there be actual or constructive presence, is enough to make one a principal as to any crime committed in the execution of such plan," is not error when joined with other charges to the effect that to be convicted of larceny as a principal one must be actually or constructively present at the specific larceny charged in the information, and that previous consent or procurement of the caption and asportation or the subsequent reception of the thing stolen, or aiding, concealing or disposing of it will not make one a principal.

8. In a prosecution of A, B and C for larceny, the testimony of A as to a general scheme concocted among them whereby B was to get grain from the warehouse of D and put it in a shed from which A was to haul it to C's barn is the direct evidence of the witness against all, and not subject to objection by the co-defendants as would be an extra judicial declaration or admission of a conspirator after the conspiracy was ended. Testimony as to the acts of the conspirators three weeks after the date of the alleged larceny charged is admissible if done in pursuance to the general scheme or conspiracy of which the crime charged was a part.

9. A motion to strike the whole testimony of a witness, when a part of it is admissible, is properly refused.

10. Evidence examined and found sufficient to sustain the verdict as to Albert Tillman, but insufficient as to Emery Baldwin.

This case was decided by Division B.

Writ of error to the Criminal Court of Record for Volusia county.

The facts in the case are stated in the opinion of the court.

*Pope & Pope* and *Bert Fish* for plaintiffs in error

*J. B. Whitfield,* Attorney-General, for the State.

COCKRELL, J.—An information for grand larceny was filed against Emery Baldwin, Albert Tillman and one John Marshall. Marshall pleaded guilty. Baldwin and Tillman defended, but were found guilty and sentenced to the State prison for five years.

The information omitting formal parts, charges that the above named persons, with force and arms certain described oats, ground feed and bran of the total value of twenty dollars and fifty cents, of the property, goods and chattels of one G. A. Dreka, did take, steal and carry away.

The first assault upon the information arises out of the omission of the word "feloniously." Revised Statutes, section 2894, is as follows: "It shall not be necessary to allege in an indictment that the offense charged is a felony, or felonious, or done feloniously, nor shall any indictment or complaint be quashed or deemed invalid by reason of the omission of the words 'felony,' 'felonious' or 'feloniously.'" But counsel for the plaintiffs in error contend that these words were, before such legislation, necessary to show technically the grade of the crime as a felony and not a misdemeanor, and that the legislative dispensation went no further than to do away with such technicality and that there was and is additional need of the use of the word "feloniously" in the instant offense to embrace the "criminal intent," and that without this word that intent necessary to charge the offense, to single out the "nature and cause of the accusation" is lacking. It may be that in certain statutory offenses where the act is innocent or criminal according to the motive that prompted it, the word "feloniously" would be necessary to solve the ambiguity, yet in this case there can be no such difficulty. It is charged that the accused with force and arms did take, *steal* and carry away the personal property of another. Webster defines "steal" thus: "To take and carry away feloniously; to take without right or leave and with intent to keep wrongfully; as to *steal* the personal goods of another." We can not say, there-

fore, in the language of section 2893, Revised Statutes, that the information "is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense, or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense." A similar indictment was held good in Iowa, in the absence of such statute. See *State v. Griffin,* 79 Iowa, 568. See, also, *Turnipseed v. State,* 45 Fla. 110, 33 South. Rep. 851.

There is no merit in the contention that the information should allege the kind of money in which the property was valued. The charge is not for the larceny of "money," and the addition of the words "lawful money of the United States" in the allegation of value is neither necessary nor usual. 2 Bish. New Crim., sec. 715.

It is contented that the information is bad in not stating where the property was, and in not stating the ownership of the property at the time of the alleged larceny. The grain is alleged to be of the property of one G. A. Dreka, and the crime is alleged to have taken place in Volusia county. This attack it seems is based on the omission of the words "then and there being found" sometimes found in such indictments. The omission of these words does not vitiate the information. 2 Bish. Crim. Proc., sec. 697, and cases cited.

Several errors are assigned upon the giving and refusing to give certain charges. The second instruction requested by the defendants was sufficiently covered by the first instruction given at their instance and no error was, therefore, committed in its refusal.

It is admitted that the seventh instruction was covered by other charges excepting only the part as follows: "And if from the testimony in this cause there arises in your minds, or in the mind of either of you, a reasonable doubt as to defendants' guilt, you can not find such defendants guilty." The court gave the usual charge that the jury must

be satisfied beyond a reasonable doubt, and defined the phrase "reasonable doubt." The charge quoted is objectionable in that it tends to drive the jurors apart rather than to get them together; it is a breeder of mistrials. Jurors know their verdicts must be unanimous, and it is not in the interest of a due administration of justice to urge upon each individual the duty of "standing pat." A more specific objection to the charge is the use of the word "arises." It is not that doubt, that "reasonable doubt," that may come to the juror after carefully weighing and considering all the evidence, and after full, fair and free discussion with his fellows; but such reasonable doubt as may hastily arise in his mind, be it only for a moment. Counsel cites us no authority to sustain such a charge, nor do we think it sound in principle. See *Barker v. State,* 40 Fla. 178, 24 South. Rep. 69.

The ninth requested instruction: "To constitute a person a principal in the commission of larceny as charged in the information, the person so charged must have been actually present at the commission of the larceny charged or he can not be convicted," was properly refused. The language is entirely too broad and forbids the idea of that "constructive" presence recognized by all the authorities.

The eleventh and twelfth requested instructions are objectionable in that they invade the province of the jury, single out and emphasize specific parts of the testimony to be considered without reference to the other parts, and are arguments to be addressed to the jury by counsel rather than the law of the case to be given by the court.

The court charged that "any participation in a general felonious plan, provided such participation be concocted. and there be actual or constructive presence, is enough to make a man a principal as to any crime committed in the execution of such concocted plan." At the defendants' request the jury was instructed that one could not be convicted of larceny as a principal unless actually or con-

structively present at the taking and carrying away; that "previous consent to or procurement of the caption and asportation will not make one a principal, nor will subsequent reception of the thing stolen, or the aiding and concealing or disposing of it have that effect." The court also instructed the jury: "It is not enough to show, even if the evidence should show, that the defendants stole grain, but it should be shown clearly beyond a reasonable doubt that the alleged larceny was committed on the 18th day of July, 1902, as charged in the information, or your verdict should be not guilty." The specific objections urged to the charge of the court above quoted are that under it the jury might convict of a larceny other than the one named in the information; that the words "actual" and "constructive" are not defined, and that under it any participation in such plan constituted actual or constructive presence. If the defendants desired further or additional definitions of actual or constructive presence it was their privilege to so request; the other objections urged are covered by the instructions given, and taking as we must all the charges together, the charge is not subject to the exceptions taken thereto. *Shiver v. State,* 41 Fla. 630, 27 South. Rep. 36.

There are other assignments based upon isolated propositions in the charge of the court that fail of support when read in the light of the whole charge, and are, therefore, not well taken.

Over objection John Marshall was permitted to testify to a general scheme concocted between Tillman, Baldwin and himself prior to the alleged larceny, whereby Tillman was to get grain out of Dreka's warehouse and into a shed, from which he (Marshall) was to haul it away to Baldwin's barn some distance in the country; and in this connection to say what was done in the carrying out of this scheme on the 9th of August, about three weeks after the alleged larceny charged. In *Wallace v. State,* 41 Fla. 547, 26 South. Rep. 713, this court held admissible "the evidence

of defendant's acts prior or subsequent to the alleged offense which logically tend to prove the criminal intent or guilty knowledge, even though such evidence tends to prove the commission of another offense. Likewise where the crime charged is one of a system of criminal acts occurring so near together in point of time and so nearly similar in means as to lead to the logical inference that they are mutually dependent and committed in pursuance of the same deliberate criminal purpose and by means planned beforehand." Such evidence is admissible not for the purpose of proving the defendant committed the crime, but to show his purpose, plan, intent or knowledge, or to show the acts charged were not the result of accident, mistake or inadvertence. The objection that it was an attempt to prove the admission of a co-conspirator without proof of the conspiracy is untenable. It was direct evidence from one claiming to be an eye witness, testimony given on oath in open court and not an extra judicial admission. There are other objections urged here to the admissibility of testimony of this witness, but these objections do not appear to have been made at the trial, and will not be noticed here. The objections to certain parts of the testimony of Walter Wright need not be considered; the motion below was to strike out all his testimony, and there can be no question that part of it was admissible. *Higginbotham v. State,* 42 Fla. 573, 29 South. Rep. 410.

This disposes of all the questions of law insisted on in the brief filed for the plaintiff in error. On the facts there was evidence sufficient to sustain the verdict as to Albert Tillman. We are of the opinion, however, after a most careful consideration of the testimony that it wholly fails to support the charge of larceny against the defendant Baldwin. The evidence tended to prove him guilty of receiving stolen goods, but is not sufficient to make him a principal in the crime of larceny of the property described in the information.

It is, therefore, ordered that the judgment be affirmed

as to Albert Tillman and be reversed as to Emery Baldwin, with directions to grant a new trial as to the said Baldwin.

CARTER, P. J., and MAXWELL, J., concur.

TAYLOR, C. J., and HOCKER and SHACKLEFORD, JJ., concur in the opinion.