WILLIAM G. AYERS, *Plaintiff in Error, v.* THE STATE OF FLORIDA, *Defendant in Error.*

CRIMINAL LAW—CHARGING JURY ON REASONABLE DOUBT—WITNESS TESTIFYING AS TO HIS BELIEF AS TO REMARKS THAT HE HEARD.

1. It is not error to refuse to give a charge in a criminal trial that confines the doctrine of reasonable doubt to individual jurors, or that segregates the jury as a body into individual members and requiring each of such members to be free from reasonable doubt before they can return a verdict.

2. A State's witness who was some distance from the deceased at the time he was killed, testified that "he believed" he heard the deceased exclaim, between two shots fired at the time, calling the defendant's name in the exclamation—*Held,* That it was not error to refuse to strike this evidence on the ground that the witness qualified it with the expression that "he believed" he heard the exclamation testified to.

This case was decided by Division B.

Writ of error to the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*Raymond B. Bullock,* for Plaintiff in Error;

*Park Trammell,* Attorney General, and *Chas. O. Andrews,* for the State.

TAYLOR, J.—The plaintiff in error in the Circuit Court of Marion County was indicted, tried and convicted of murder in the first degree with a recommendation to the mercy of the court by the jury and sentenced to life imprisonment, and brings the judgment here for review by writ of error.

One of the errors assigned and argued here is the refusal of the trial judge to give the following instruction to the jury requested by the defendant:

"The defendant is entitled to and it is the sworn duty of every member of the jury to individually give him the benefit of this reasonable doubt which may arise from the evidence or the lack of evidence; and until the jury and each member thereof can say that they and each of them have an abiding and honest conviction to a moral certainty of the truth of the charge against him as preferred in the indictment, it will be your duty not to find and return the defendant guilty; the court further instructs you that such belief to a moral certainty is not sufficient to convict and find the defendant guilty unless such belief is the result of sworn evidence, which in the mind of the jury and jurors is sufficient to establish guilt beyond and to the exclusion of every reasonable doubt."

There was no error in refusing to give this instruction.

It was well calculated to mislead the jury into the idea that it was their duty to acquit the accused if any one or more of them entertained a reasonable doubt as to his guilt, whether the rest of them were free of any such doubt or not. The judge had already charged the jury fully and properly on the point of reasonable doubt, and it was not error to refuse this instruction which sought to confine the question of reasonable doubt to individual members of the jury. Of course a verdict must be concurred in by the unanimous vote of the entire jury, and no honest juror will concur in a verdict of conviction if he entertains a reasonable doubt of the defendant's guilt; but the defendant has an ample remedy for the ascertainment of the fact as to whether any member of the jury failed to agree to the verdict returned, by a polling of the jury—without the giving of a charge confining the question of reasonable doubt to any individual member or members of the jury. Boyd v. State, 33 Fla. 316, 14 South. Rep. 836; Baker v. State, 40 Fla. 178; Cook v. State, 46 Fla. 34; Baldwin v. State, 46 Fla. 115.

A witness for the State testified that two shots were fired at the place where the homicide occurred, with some little interval between the reports of the gun, and that between these two reports "he believed he heard the deceased exclaim or say 'Ayers you son of a bitch.'" The defendant moved to strike out this evidence on the ground that because the witness used the expressed "that he believed he heard" it was but the expression of the witness opinion. This motion was overruled, and such ruling is assigned as error. There was no error in this ruling. While the witness qualified his statement with the expression that he "believed" he heard the remark testified to, yet it was not merely the expression of the witness' opinion. The sound of the deceased's voice, who was

some distance away from the witness at the time, may have caught his ear in a confused or indistinct manner, so that he may not have been able to testify more positively to what the remark really was that the deceased made—therefore, he very properly testified as to his belief of what it was that he heard the deceased say, in accord with the impression made upon his sense of hearing at the time.

The next assignment of error is the denial of the defendant's motion for a new trial on the ground that the verdict is not supported by the evidence. There is a great volume of evidence in the case, that it will subserve no useful purpose to set out either in full or in detail here. While this evidence is largely circumstantial and is not as conclusive or satisfactory as it might have been, yet, if believed by the jury, we cannot, after the most careful consideration, say that the verdict returned is not sustained thereby.

Finding no error, the judgment of the court below in said cause is hereby affirmed at the cost of Marion county, the plaintiff in error having been adjudged to be insolvent.

HOCKER and PARKHILL, J. J., concur.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.