HOBSON, Justice.
This is an appeal by Dallas E. Withers from a judgment which imposed the death sentence and which was entered consequent upon a jury verdict of guilty of first degree murder without recommendation of mercy.
Appellant was indicted for first degree murder of one Douglas Cecil Wilson “ * * * by throwing him into the water whereby he was drowned * * * ”
Two young boys were drowned, one of whom was Douglas Cecil Wilson, for whose murder the indictment was laid. Appellant confessed to having taken the two boys out on his boat, having forced the older boy to perform, and to submit to, unnatural sexual acts, and having thrown both of the boys overboard. At the trial Withers testified that he did not recall injuring the boys in any way. It is significant, however, that his testimony discloses a recollection of most, if not all, of the events which took place both prior to departing from the shore with the two boys aboard and the conclusion of the boat trip, as well as his activities thereafter except the gruesome details of the drowning of the two boys which he outlined specifically in one of his confessions.
There were no eye-witnesses to the events which occurred on the boat trip except the appellant. The mother of the boys saw the boat pull away from shore with appellant and the two boys aboard. She ran along the shore waving and shouting frantically in an unsuccessful attempt to have appellant return with her two sons.
Two confessions were admitted in evidence after the learned trial judge had determined from testimony given before him in the absence of the jury that they were admissible. These confessions, if properly *726 admitted, establish the guilt of the appellant, particularly when considered along with all other relevant testimony.
It is contended on this appeal that the evidence was insufficient to sustain the verdict. It is also urged that the court erred in denying Withers’ motion to excuse the prospective jurors H. C. Wave' and Willie Roney from the panel because they were not without opinion as to the guilt or innocence of the appellant.
In support of the contention that the evidence was not sufficient to sustain a verdict of murder in the first degree, counsel for the appellant takes the position that the second confession of Withers, which was more damaging than the first, was obtained as a result of threats, mistreatment, fear and actual physical violence upon the person of Dallas E. Withers and, further, that the verdict is erroneous in that the evidence fails to show premeditation on the part of the appellant.
In regard to the challenge of inadmissibility of the second confession, it is sufficient to say that a careful examination of the record convinces us that the trial judge, after a meticulous consideration of all the evidence upon the subject of the admissibility of said confession, did not err in declaring it to be admissible. From such evidence the trial judge was wholly justified in deciding, as he obviously did, that Withers, prior to the making and execution of said confession, was fully and completely advised of his constitutional rights, that any statement he might make must be voluntarily and freely given and that such statement would be subject to be used against him if he were placed upon trial. As to the charge that the second confession was made as a result of threats, mistreatment, fear and actual physical violence upon the accused, we need only refer to appellant’s own statements, to-wit: “I couldn’t ask for better treatment” and “ * * * but they didn’t scare me any.” We hold that the trial judge did not err in admitting said confession in evidence.
We now turn our attention to appellant’s contention that the evidence fails to show premeditation. This position of appellant is predicated upon the assumption that he was too intoxicated at the time of the commission of this crime to form an intent to kill. We have carefully studied all of the testimony which has any bearing upon the degree of intoxication of the appellant at the time of, prior and subsequent to, the commission of the crime with which he was charged and for which he was convicted, and have reached the conclusion that there was ample competent substantial evidence to support the jury’s conclusion that Withers was not so intoxicated at the time of the commission of the crime as to be incapable of premeditation. It is true that the evidence as to the degree of appellant’s intoxication is somewhat conflicting. However, considered as a whole it cannot be said that the jury was not justified in deciding that such evidence showed beyond a reasonable doubt that Withers was not so intoxicated-as to be incapable of premeditation. Moreover, the second confession, which we have determined was properly admitted in evidence, is in and of itself corroborative of the fact that appellant was capable of forming an intent to kill. It is inconceivable that Withers could have recalled all of the sordid details delineated in said confession had he been at the time of the commission of the crime too intoxicated to have been capable of premeditation.
We find no merit in appellant’s charge that the trial judge erred in denying counsel’s motion to excuse the prospective jurors H. C. Wave and Willie Roney from the panel. The challenge directed to these jurors for cause was in each instance made before Withers’ counsel had exhausted his peremptory challenges. Wave and Roney did not serve on the jury but were dismissed as jurors upon peremptory challenges. Furthermore, when the jury was finally select *727 ed, appellant’s peremptory challenges had not been exhausted. See Young v. State, 85 Fla. 348, 96 So. 381.
We have, as directed by § 924.32, F.S.A., carefully read the entire record in this case and do not find that the ends of justice require a new trial.
Affirmed.
TERRELL, C. J., and THOMAS, ROBERTS and DREW, JJ., concur.