118 So.2d 219 (1960)
Donald Ray ASKEW, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida.
February 17, 1960.
Rehearing Denied March 16, 1960.
*220 Scruggs, Carmichael & Avera, Gainesville, for appellant.
Richard W. Ervin, Atty. Gen., and B. Clarke Nichols, Asst. Atty. Gen., for appellee.
HOBSON, Justice.
This is an appeal by Donald Ray Askew from a judgment imposing the death sentence pursuant to a jury verdict finding the appellant guilty of rape without a recommendation of mercy.
The appellant was indicted for the rape of a female age ten and one-half. The record discloses that on the night of the alleged crime the appellant, together with several other adults, were social guests of the victim's mother at her home. After a "round of drinks," the group broke up. All the adults, including the appellant and the victim's mother, left the house. Shortly thereafter, according to the testimony of the victim and her two brothers, the appellant returned to the house alone.
With but slight variation, the victim and her brothers (ages 13 and 15 years) testified that the appellant by threats of bodily harm, forced the boys to lie on a bedroom floor while he carnally attacked the victim. The victim testified the appellant forcibly attacked her even though she attempted to kick him and otherwise resist. Her testimony *221 was supported by that of her brothers. The physician who interviewed the victim, within a few hours after the attack, testified that his examination revealed that the victim's private parts had been violently penetrated.
To the indictment, the appellant entered a plea of "not guilty by reason of temporary insanity and that the type of temporary insanity relied upon is loss of memory during the time the act charged took place, brought on by extreme use of alcohol." In his own defense the appellant testified that during the afternoon and evening of the day in question he had consumed large quantities of beer and whiskey. It was his testimony that he became so intoxicated that he blacked out prior to going to the victim's house the first time and that he has no recollection of subsequent events that may have transpired.
The court-appointed psychiatrist testified that, based upon the appellant's history, the neurological, psychiatric and psychological examinations (which included an electroencephalographic study) it was his opinion that the appellant was neither medically psychotic nor legally insane. He did testify that the examinations disclosed some evidence of emotional instability and alcoholism.
Appellant presents a number of questions for our consideration.
It is contended on this appeal that the trial court erred by sustaining the State's objection to three questions propounded by the defense counsel in his cross examination of the court-appointed psychiatrist. We have carefully examined these questions and are of the opinion that, when they are viewed in light of the particular facts of this case, the trial court was justified in sustaining the State's objection to the same.
The appellant further contends that the trial court erred by failing to give two of his requested charges to the jury. The contention is based upon the appellant's theory that the appellant was so intoxicated that he could not form the intent necessary to commit the crime of rape and that such a specific intent is an essential element of this crime.
It is here relevant to reiterate that when an appellate court passes upon the propriety of the trial court's refusal to give requested charges, it is duty bound to consider the items refused in connection with all other charges bearing on the same subject. If when thus considered the law appears to have been fairly presented to the jury, assignments of error predicated upon the giving or refusing to give such charges must fail.[1]
The common law crime of rape is composed of three essential elements: carnal knowledge, force, and the commission of the act without the consent or against the will of the female victim.[2]
In the past, the type of rape we are here concerned with has been defined in Florida as the ravishment and carnal knowledge of a female of the age of ten years or more by force and against her will.[3]
"The elements of the crime are (1) penetration of the female private parts by the private male organ, and (2) force of such a nature as to put the victim in such fear that she is thereby compelled to submit to the act. Barker v. State, 40 Fla. 178, 24 So. 69; Russell v. State, 71 Fla. 236, 71 So. 27."[4]
With reference to the alleged failure of the court to charge on the subject of intent, counsel for appellant makes a novel and unique two-pronged argument. He, after citing authority for the proposition *222 that rape was a crime malum in se at common law points out that this court held in Talley v. State[5] that:
"In many criminal offenses, intent is the essence of the crime, and where not established, the prosecution fails. In crimes malum in se, intent is presumed, but where it is not a matter of presumption, it must be proven as any other fact." (Emphasis supplied.)
From this the petitioner illogically reasons that the State must show the appellant was capable of manifesting necessary criminal intent.
In support of his assertion that a specific intent must be proven by the prosecution in a rape case, the appellant has cited respectable authority to the effect that the gravamen of the offense of assault with intent to rape is intent to have unlawful intercourse with the intended victim with or without her consent.[6] The appellant argues that, since assault with intent to commit rape is a lesser included offense in the higher crime of rape,[7] a conviction of the crime of rape requires proof of a specific intent. While we agree with appellant's statement that intent to accomplish the carnal act is the gravamen of the assault with intent to rape, we do not agree that such a specific intent is the essence of the crime of rape.
Although very little has been written in this state on the subject of intent in rape prosecutions, it is clear that while a general intent is involved in the crime, no specific intent is requisite other than that evidenced by the doing of the acts constituting the offense.[8]
The law makes the act of rape the crime and infers a criminal intent from the act itself.[9]
Since the requisite intent is presumed or inferred from the act itself, voluntary intoxication is only a defense to the crime of rape when its use produces a mental condition of insanity. As this court indicated in Cochran v. State:[10]
"The mental effects of a mere voluntary intoxication may not excuse the commission of an unlawful act or relieve its consequences; but if excessive and long-continued use of intoxicants produces a mental condition of insanity, permanent or intermittent, which insane condition exists when an unlawful act is committed, such insane mental condition may be of a nature that it would relieve the person so affected from the consequences of the act that would otherwise be criminal and punishable."
When the charges given, as well as those rejected, are viewed in the light of the foregoing, it becomes eminently clear that the case was fairly presented to the jury. Such being the case, the assignments of error, predicated upon the trial judge's failure to give two requested charges, fail.
As a final comment with reference to the appellant's defense of temporary insanity, our careful perusal of the testimony having any bearing upon appellant's alcoholic condition as well as his general mental condition at the time of, prior to and subsequent to, the commission of the crime charged and for which he was convicted, has led us to the conclusion that there was more than sufficient evidence to support the jury's rejection of this defense.
The fourth, fifth and sixth questions on appeal are inter-related and concern the trial court's handling of the jury verdict.
*223 The jury in this case, after hearing the evidence and receiving the charge of the court retired to the jury room and thereafter returned with a verdict of guilty. Appellant's counsel immediately requested the jury be polled. After several jurors had affirmed the jury's verdict, two of the jurors indicated that they only agreed to a verdict of guilty with recommendation of mercy. On this state of the facts, the trial judge ordered the poll discontinued and sent the jury back for further consideration of the case.
Appellant now contends that the above delineated action of the trial court constitutes reversible error. We do not agree.
Section 919.10, F.S.A., provides in pertinent part:
"Upon the motion of either the state or the defendant or upon its own motion, the court shall cause the jurors to be asked severally if the verdict rendered is their verdict. If a juror dissents, the court must direct them sent back for further consideration; and if there be no dissent the verdict shall be entered of record and the jurors discharged. * * *" (Emphasis supplied.)
From our scrutiny of the record, it is apparent that the "dissents" of jurors Mathews and Kennard gave rise to a situation in which the italicized provisions of Section 919.10, F.S.A., were brought into play. The court did not err in referring the matter to the jury for reconsideration of its verdict.
Our careful consideration of the remaining questions presented by the appellant has failed to disclose any material or harmful error.
Further, we have examined and considered the record in the light of the requirements of Section 924.32, Florida Statutes, F.S.A.,[11] reviewing the evidence to determine if the interests of justice require a new trial, with the result that we find no reversible error is made to appear and the evidence does not reveal that the ends of justice require a new trial.
Affirmed.
THOMAS, C.J., and TERRELL, ROBERTS, DREW, THORNAL and O'CONNELL, JJ., concur.
NOTES
[1] Spanish v. State, Fla. 1950, 45 So.2d 753; Peele v. State, 1940, 155 Fla. 235, 20 So.2d 120.
[2] 75 C.J.S. Rape § 8, p. 471; 44 Am.Jur., Rape, § 2, p. 902.
[3] F.S. § 794.01, F.S.A.
[4] State v. Bowden, 1944, 154 Fla. 511, 18 So.2d 478, 480; Jackson v. State, Fla. App. 1958, 107 So.2d 247.
[5] 1948, 160 Fla. 593, 36 So.2d 201, 204.
[6] Manning v. State, Fla. 1957, 93 So.2d 716.
[7] Barker v. State, 1898, 40 Fla. 178, 24 So. 69.
[8] 75 C.J.S. Rape § 9, p. 471.
[9] Simmons v. State, 1942, 151 Fla. 778, 10 So.2d 436.
[10] 1913, 65 Fla. 91, 61 So. 187, 190. See also Griffin v. State, Fla.App. 1957, 96 So.2d 424, and Withers v. State, Fla. 1958, 104 So.2d 725.
[11] See also Florida Appellate Rules, rule 6.16, subd. b, 31 F.S.A.