McNULTY, Chief Judge.
This criminal appeal concerns the rule relating to admissibility of evidence of similar related offenses, ’ viz: the “Williams” rule.[1]
On March 3, 1973 at 12:30 a. m. a man grabbed an eighteen year old female by the arm, put a gun in her ribs and forced her to walk from a public street in Pinellas County to a parking area behind a nearby office building. The man pushed ■ her down, told her to lie on her stomach, and remove her clothing. He next made anal penetration with his fingers, put the pistol to her head, told her to be quiet and finally performed copulation per anus. He then took her glasses and departed saying, “Don’t move or I will shoot you.”
Later on that morning the victim assisted in the making of a composite drawing of her assailant after having failed to recognize him from among approximately 200 photographs shown to her. Ten days thereafter a police detective showed the victim seven photographs which he described as known sex offenders. The victim compared two of these photographs to the composite drawing and identified the photograph of appellant. He was subsequently arrested, convicted of aggravated assault and now appeals that conviction and the ensuing five-year sentence.
At trial, the court allowed the introduction of evidence over appellant’s objection *486 relating to appellant’s prior conviction for a sexual assault upon a fourteen year old boy. That boy, now seventeen, testified herein as follows: He was confronted on that occasion by one later identified as appellant as he was walking between two baseball fields. His assailant was wearing a cloth over his face. He grabbed the boy’s arm, pointed a knife at his ribs and led him to some bleachers. He told the boy to get down on his knees and then lay down. He placed the boy’s hat over his face and told the boy to pull down his pants. He performed fellatio on the boy, then made the boy perform fellatio on him. The appellant then put jelly on the boy’s anus, had the boy lie on his stomach and performed copulation per anus on the boy. During the intercourse appellant told the boy to say nothing or he would cut off his penis. When he was through, appellant said, “Don’t move; don’t say nothing,” and then departed. The testimony of these two victims constituted the essence of the state’s case.
Appellant testified in his own behalf that, as a confirmed homosexual, he did not commit and could not have committed the charged act upon a woman. He readily admitted the prior assault on the boy three years earlier and testified, truthfully, that he voluntarily pleaded guilty thereto at the time and served a sentence therefor, hoping for whatever therapeutic rehabilitation was available.
We reverse this case because, patently we think, the evidence relating to the assault on the boy three years earlier was incompetent to establish admissible relevance to a material issue in this case. The identity of the woman’s assailant was, of course, at serious issue; and the state seeks to sustain the admissibility of the questioned evidence on the theory that it was relevant to that issue in that it tended to show a modus operandi or a course or pattern of conduct. Untenable! The dissimilarities in the two cases are so obvious we need go no further than refer to them and cite our holding in Duncan v. State[2] in which we pointed out:
“To begin with, neither a ‘continuing course of conduct,’ a ‘plan or scheme’ nor a ‘modus operandi’ is an end in and of itself which may be proved in a criminal case. If they were, then by whatever reason therefor so would propensity be admissible. Evidence relating to similar offenses is admissible only when they, or any of them, are relevant in a given case to one of the essential or material issues framed within the charge instantly being tried. If, for example, . the identity of the defendant in a given case is a material fact in issue, as it is in most cases, and the offense charged was committed in a particularly unusual or unique manner (modus oper-andi), evidence of another offense committed in the same unique or unusual manner, and to which the defendant can be positively connected, is admissible to establish or corroborate the identity of the defendant in the case being tried. Mere similarity of offenses, without regard to the singular manner of their perpetration, is not enough.
“Additionally, it is important to emphasize that if the only logical effect of the evidence of other similar crimes committed by the defendant is essentially to show propensity or avocation toward the commission of such offenses, Williams, supra, condemns such evidence as being in reality an inappropriate attack on the character of the accused at a point in the proceeding when his character has not as yet been placed in issue.
Here, intent was not an issue, it being inherent in the act;[3] and concerning a “singular” or “unique” manner of perpetration as may be relevant to identity of the accused, the sole similarity in the two offenses was the copulation per anus itself. *487 Indeed, rather than similarities, every other surrounding circumstance is inapposite and tends more to negate identity than to establish it.
In view whereof, the judgment and sentence appealed from should be, and they are hereby, reversed; and the cause is remanded for a new trial.
HOBSON and GRIMES, JJ., concur.

. See, Williams v. State (Fla.1959), 110 So.2d 654.

. (Fla.App.2d, 1974), 291 So.2d 241.

. Cf. Askew v. State (Fla.1960), 118 So.2d 219, 222.